HYDE v. THE MINNEAPOLIS LUMBER CO. ET AL.

1. **Practice in the Supreme Court: REHEARING: OFFER TO CONFESS ERROR.** Where, in a petition for rehearing, the appellee offered to confess error and remit a sum erroneously included in the judgment below, for which error the judgment was reversed, it was held competent for the Supreme Court to consider such offer, and enter final judgment in the case.

*Appeal from Mahaska District Court.*

TUESDAY, APRIL 6.

THE garnishees, I. Kalback & Son, are indebted for lumber purchased by them in the city of Minneapolis. The plaintiff claims that the garnishees are indebted for the lumber to the defendant, the Minneapolis Lumber Co. The National Exchange Bank of Minneapolis, intervenor, claims that the garnishees are indebted for the lumber to it. The facts are stated in the opinion. The case was referred to a referee, who reported that the garnishees were indebted to the defendant. The court approved the report, and rendered judgment for the plaintiff. The intervenor appeals.

*Lafferty & Johnson*, for appellant.

*Seevers & Malcolm* and *J. F. Lacey*, for appellee.

ADAMS, J. The plaintiff claims that the evidence shows that the lumber, at the time of the sale to the garnishees, belonged to the defendant, the Minneapolis Lumber Co. The intervenor, the National Exchange Bank, claims that the evidence shows that the lumber belonged to it. No good purpose would be served by setting out the evidence upon which the respective claims are predicated. In our opinion, it entirely fails to show that the lumber belonged to either.

The garnishees answered, admitting indebtedness for the

lumber to the defendant. They will be taken to be so indebted, unless it is shown otherwise. After they had answered, they obtained leave to file an amended answer, and the amended answer shows that of the five bills of lumber sold, three of the bills were sold to them for account of W. P. Westfall, as stated in the bills rendered, and the evidence is that Westfall was the representative of the intervenor bank. · The garnishees accepted the lumber under the bills so rendered. In so doing, we think that they became *prima facie* liable for the lumber to Westfall, or the bank which he represented. At any rate, they were *prima facie* not liable to the defendant. It is true that the evidence shows that the person who was active in making these sales was an employe of the defendant. This the garnishees knew. But he acted in connection with another person, who was an employe of the bank, and this the garnishees did not know. Hence, they first answered that they were indebted to the defendant, but their amended answer, showing for whose account a portion of the lumber was sold to them, must control.

The other two bills rendered did not purport to show on whose account the lumber was sold, and we see nothing in the garnishee's answer to indicate that it did not belong to the defendant; the answer shows a liability for that lumber to the defendant, and must prevail in the absence of evidence showing it incorrect, and we find no such evidence. These bills are dated Feb. 7, 1877; one being for $168.00, and the other for $164.75.

For error in charging the garnishees with lumber sold to them ostensibly on account of W. P. Westfall, as shown by their amended answer, the judgment is

REVERSED.

Mr. Justice DAY thinks that there is evidence tending to show that a portion of the lumber bought by the garnishees belonged to the Minneapolis Lumber Co., but he concurs in the result of the opinion on the ground that he does not think

the evidence sufficient to charge the garnishees with the lumber sold to them on account of Westfall.

### ON REHEARING.

**BECK, J.** A rehearing having been granted in this case, it has again been submitted to us. The appellee, in the petition for a rehearing, offers to remit the sum of $24.45, which we find erroneously included in the judgment, if, upon a reconsideration of the case, we adhere to our conclusion in regard to this item.

*1. PRACTICE in the supreme court: rehearing: offer to confess error.*

Upon considering the petition for rehearing we were not led to doubt the correctness of our conclusion, but thought appellee's offer to remit ought to be passed upon, after hearing argument thereon from the counsel on the other side. We, therefore, submitted to them, for discussion, this question: "Whether, upon plaintiff's offer to remit $24.45, judgment should be entered for the balance, as found by the court below?"

After hearing from counsel upon this point, we conclude that we may, and ought to, permit appellee to enter the remittitur, and affirm the judgment. Our reason for this conclusion is this: Such a judgment will be here entered in the case as ought to have been entered by the court below. This we are authorized to do. Code, § 3194. The parties will be relieved from the burden of further litigation, in which a trifling sum would be involved, and, in our opinion, justice will be done.

That we possess authority to enter such a judgment upon an offer to remit, made when the cause was submitted to us, there can be no doubt. Have we authority upon rehearing to make such an order? We are of the opinion that we have. Upon the petition for rehearing, the judgment is suspended, and the case is again submitted for such final judgment as the law requires. The party recovering the judgment in the court below has the same right upon rehearing as upon the

first hearing, to confess error and remit a part of the judgment.

The case is not like *Hintrager v. Hennessy*, 46 Iowa, 600, in which we refused to consider, upon a rehearing, a case different from that presented by the record upon the first submission. In this case no new record, facts, or points are presented by the offer to remit. It simply confesses error in the judgment of the court below, and, admitting the correctness of our decision, asks that such a judgment be rendered by the court below. We think that justice, which always seeks to end litigation, demands that we finally dispose of the case. A judgment will, therefore, be rendered ·in this court for the amount of the judgment in the court below, less $24.45, and the interest.thereon, if any was included in the judgment.

The appellee will pay the costs of this court.

MODIFIED AND AFFIRMED.