MAGDALENA IRLBECK, Appellant, v. GEORGE BIERLE, Appellee.

84   47
93  137
84   47
s101 241

1. **Slander:** CONSTRUCTION OF WORDS USED. In an action for slander the alleged slanderous words are to be construed according to the sense in which they were intended to be used by the defendant, and were understood by the hearers.

2. ———: DAMAGES: ATTORNEY FEES. In such an action the plaintiff is not entitled to recover as damages attorney fees expended in the prosecution of the suit.

*Appeal from Carroll District Court.*—HON. J. H. MACOMBER, Judge.

TUESDAY, OCTOBER 27, 1891.

ACTION for slander. There was a verdict and judgment for the defendant. The plaintiff appeals. *Affirmed.*

*B. J. Salinger,* for appellant.

*F. M. Powers,* for appellee.

BECK, C. J.—I. The plaintiff asked the court to instruct the jury in the following language: "If you find that the defendant did, on or about November 15, 1887, at Carroll, Iowa, say of and concerning plaintiff the language set out in her petition, or that language in substance, in the presence of Joseph Spohrer and others, and that the reasonable construction of said language was what was claimed for it in said petition, then you must find for plaintiff, unless you further find that the same was true." This instruction was refused, but the court gave on its own motion an instruction in the following language: "To recover in this case the plaintiff must prove by the preponderance of the evidence that the defendant spoke of and concerning her substantially as alleged. If you believe from the evidence that the defendant spoke of and concerning the plaintiff substantially as alleged, then you should find for her." The instruction given is quite as favorable to the plaintiff as the one refused. It is limited by subsequent instructions, so that the words spoken should be construed according to the sense in which they were intended to be used by the defendant, and understood by the hearers. This modification is surely correct, for if the defendant did not intend his words to have a slanderous meaning, and they were not understood in that sense, he was not liable for the speaking. The modification of the instruction asked, to the effect that the language should be understood according to its reasonable construction, is objectionable, in that what

*1. SLANDER: construction of words used.*

might be called a reasonable construction would convey a meaning not intended by the plaintiff, nor so understood by the hearers. The rulings upon the instructions are correct.

II. The second point of the plaintiff's argument is not clear, but we understand that complaint is made therein of the ruling of the court in refusing to permit counsel for the plaintiff to state what he expected to prove by a witness to be the meaning of the words as spoken. The court held that counsel should state the question he desired to ask, and not the facts he expected to prove. The abstract is not sufficiently full and explicit to show error in the court's rulings. They do not appear to be necessarily erroneous.

III. An answer to a question as to whether the defendant knew the plaintiff's sister, to the effect that the witness had seen a paper from Germany relating to the sister, was rightly stricken out, for the reason, if for no other, that it was not responsive.

IV. The district court correctly held that the plaintiff was not entitled to recover as damages attorneys' fees expended in the prosecution of the suit. Counsel for the plaintiff cites no decision of this court or other authorities in support of his objection to this ruling. We have never understood that attorneys' fees are proper items of damages in actions of this character.

2. ——: damages: attorney fees.

V. Other objections to the judgment, urged by the plaintiff's attorney, are not of sufficient importance to demand attention. The judgment of the district court is AFFIRMED.