JOSEPH IRLBECK v. GEORGE BIERL, Appellant.

**Assault and Battery:** JUSTIFICATION: *Damages.* Abusive language is not justification for an assault, so as to prevent the assailant from being liable to the proper party for actual damages.

ATTORNEY FEES. In an action for assault, a recovery for attorney's fees not being claimed in the petition, error in the admittance in evidence of the amount of the fee plaintiff had contracted to give the attorney, is ground for reversal, though the court subsequently ordered such evidence to be stricken from the record, it appearing that the jury were not directed to disregard it.

**Offering Evidence:** MISCONDUCT OF COUNSEL. After an objection had been sustained to plaintiff's offer to show that defendant offered money to the judge who was to have presided at the trial of the case,—saying to him at the time the offer was made, "take this, so that you will give me a fair show." Plaintiff, again, on

defendant's denial on cross-examination of having made the
statement, offered such evidence. *Held*, no ground for reversal.

ON RE-HEARING.—FEBRUARY 8, 1897.

**Re-hearing:** EFFECT OF REMITTING EXCESSIVE RECOVERY. Where
  error for which judgment is reversed involves the possible excess
  of tⸯo hundred dollars in the amount of plaintiff's recovery, his
  offer in a petition for re-hearing to remit that amount, if the
  former opinion is adhered to, will be acted upon; and the judg-
  ment, as so modified, will be affirmed.

*Appeal from Carroll District Court.*—HON. CHARLES D.
GOLDSMITH, Judge.

TUESDAY, MAY 26, 1896.

ACTION at law to recover damages for an alleged
assault and battery. Trial by jury. Verdict and
judgment for the plaintiff. Defendant appeals.—
*Reversed.*

*F. M. Powers* and *George W. Korte* for appellant.

*B. I. Salinger* for appellee.

ROTHROCK, C. J.—It is not disputed that plaintiff
and defendant had a personal encounter, commonly
called a fight, and that the plaintiff came out of the
affray with one of the bones of his right forearm
broken. No deadly weapons were used by either
party, and it does not appear that either of them was
in possession of revolvers or knives or other dangerous
instruments. The bone in plaintiff's arm was broken
by a blow from the butt end of a whip used in driving
a team. There had been strife, contention, and ill feel-
ing between the parties for several years. They and
their families had law suits before a justice of the
peace, and in the district court and in this court. See
*Irlbeck v. Bierl*, 84 Iowa, 47 (50 N. W. Rep. 36).
There were charges of slander in these suits, and of

wrongfully taking a letter from the post office. On the first day of March, 1893, the plaintiff and defendant met in a village named Templeton, and there was a war of words between them, in the German language. The defendant claims that on that occasion the plaintiff spit upon him. They separated and started to leave the town, and came together on the road some distance out from the village. The plaintiff was walking, and crossed through a field, and the defendant was driving a team hitched to a wagon, and several members of his family were with him. There is but little doubt that plaintiff .commenced to abuse the defendant, and charged him with being a perjurer, and crossed over into the road, and went up close to the wagon, repeating his personal abuse. But there is no evidence that he assaulted the defendant. Mere violent and abusive language, and even threats, are not an assault. These preliminaries must be accompanied by an attempt to use violence to the person. The defendant got out of his wagon, and struck the plaintiff with his wagon whip and some small shrubs or sticks. The plaintiff retreated, and crawled through a barb-wire fence, and defendant followed him, and continued the assault. The plaintiff attempted to resist by kicking at the defendant. We have made this somewhat particular statement of the affray, for the reason that much has been said, in argument, about mitigation and provocation for the injury done to the plaintiff, and the issue was made in the pleadings, that the defendant did no more than he was justified in doing, in defense of his own person. The court properly instructed the jury, that the defendant's plea of self-defense and his plea in mitigation of damages, were not sustained by any competent evidence. The defendant pleaded a counter-claim for damages for slander, and the court gave proper instructions upon that issue. The jury, by

their verdict, found no exemplary damages, but found the sum of eight hundred and fifty-eight dollars for the plaintiff as actual damages.

There are two questions in the case, which we will briefly consider. During the course of the introduction of the evidence, the plaintiff called one of the judges of the district court as a witness, and asked him to repeat a certain conversation had between the defendant and the witness in reference to this case. Objection was made to the question, and thereupon counsel for plaintiff made the following offer in writing: "Plaintiff offers to prove by the witness, Geo. W. Paine, that some time prior to the last term of the district court of Carroll county, Iowa, being a term at which he was to preside as judge, the defendant, Bierl, approached him, and told him, in substance, that he had understood that the witness, Paine, was to preside at the coming term of said court; that he (Bierl) had a case pending therein between the present plaintiff and himself; and that he then and there offered the witness twenty dollars, saying to him, 'Take this, so that you will give me a fair show in the trial of that case.' And the defendant objects to the offer as an improper one, and it is incompetent, immaterial, and irrelevant, and especially irrelevant to any issues in this case." The court thereupon made the following ruling on this offer: "The objection is sustained on the ground that the evidence is incompetent, and would not tend to prove, or disprove any issue in the case, nor would it tend to discredit any witness having testified in a competent way. Plaintiff excepts. It is ordered that this offer, the objections thereto, and rulings thereon be filed, and made a part of the record in this case. Chas. D. Goldsmith, Judge." Afterward, during the trial, counsel for plaintiff again offered to introduce the same testimony, and it was again overruled. It is

urged, that this was such misconduct on the part of counsel as to demand a reversal of the case. On the other. hand, counsel for plaintiff contends, that the evidence should have been admitted, because the plaintiff's conduct was an attempt to obstruct justice, and prevent a fair trial of the cause. We need not determine this question. We do not think that the line of evidence proposed, was so manifestly incompetent that the judgment should be reversed because counsel offered to introduce it. And it is proper to say, that the second offer was made after the defendant was recalled, and the question was propounded to him whether he had such a conversation with said judge; and then it was proposed to call the judge as a witness, and impeach the defendant's testimony. The plaintiff ought to have submitted to the first ruling of the court, and stood upon his rights, if he had any.

II. During the introduction of the evidence in chief in behalf of the plaintiff, he was asked, as a witness, to state how much he had paid his counsel, or agreed to pay him, as counsel fees, for prosecuting the suit for damages for assault and battery. This was objected to as incompetent and immaterial. The court took the evidence, subject to be stricken out on motion of the court. Thereupon, the witness answered, "Two hundred dollars and interest at six per cent." Nothing further afterwards appears in the record with reference to this evidence, except that it is recited in the bill of exceptions that several days after the said evidence was introduced, "the court sustained said objections, and ordered the answer stricken out of the record, but did not withdraw the said testimony from the consideration of the jury, either by direction, comment, or instruction." It is said that it was error to admit the evidence in the first instance. There is no question, in our minds, that counsel's contention is correct. It is not attempted to

be justified by counsel for appellee, except on the
ground that attorney's fees were claimed in the peti-
tion. This is a mistake of fact. The petition is a
plain action for damages for assault and battery, and
makes no demand for attorney's fees. We have set
out so much of the record as shows what was done in
reference to ruling out this testimony. It does not
appear therefrom that the jury ever knew of the fact
that it was stricken out. For aught that does appear,
the jury considered the two hundred dollars attorney's
fees as part of their verdict. The evidence ought not
to have even been offered in the first instance. To offer
it was more nearly misconduct than anything else we
discover in the case.

III. There are many other alleged errors briefly
argued by counsel which are of such a trifling charac-
ter, and of so little importance, that they demand no
attention. For the error in the matter of the evidence
as to the attorney's fees, the judgment will be REVERSED.

### SUPPLEMENTAL OPINION ON RE-HEARING.

*Appeal from Carroll District Court.*—HON. C. D. GOLD-
SMITH, Judge.

### MONDAY, FEBRUARY 8, 1897.

PER CURIAM.—A petition for a re-hearing has been
submitted in this case, and we have considered objec-
tions made therein to the opinion heretofore filed and
printed herewith (57 N. N. Rep. 400), but do not find any
of them to be well-founded. The petition is therefore
overruled. The error for which the judgment of the
district court was reversed by that opinion, involved a
possible excess of two hundred dollars in the amount
of the plaintiff's recovery; and the plaintiff, in his
petition for a re-hearing, offers to remit that amount

from the judgment he obtained, in case our former opinion is adhered to. That such an offer may be made in a petition for a re-heaing, and acted upon by this court, was held in *Hyde v. Lumber Co.*, 53 Iowa, 245 (1 N. W. Rep. 740), and (5 N. W. Rep. 126). Following the rule of that case, the judgment in favor of the appellee will be reduced by the amount of two hundred dollars, as of the date on which the judgment was rendered by the district court, and, as thus modified, the judgment is affirmed, and the costs of the appeal will be taxed to the appellee. —MODIFIED AND AFFIRMED.