(57 App. Div. 375.)

### MERCHANT et al. v. NORTHWESTERN MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, Third Department.   January 24, 1901.)

INTERPLEADER—GROUNDS.

A claim to a share of the proceeds of a life policy, payable to the heirs at law of the insured, was based on a parol agreement between the claimant's father and the insured, under which the insured took the claimant into his family when she was an infant, and thenceforth treated her as his daughter, and that by force of such agreement she became his heir at law.   *Held*, in an action on the policy brought by persons claiming to be the only heirs of the insured, that the insurer was entitled to pay the proceeds into court, and to have the claimant substituted as defendant.

Appeal from special term.

Action by Joseph W. Merchant and others against the Northwestern Mutual Life Insurance Company.   From an order allowing an interpleader, plaintiffs appeal.   Affirmed.

The defendant in this action insured the life of one Morris R. Merchant for the benefit of his wife, Mary, in the sum of $5,000, and, on her death prior to that of the insured, such sum upon his death to be paid to his "heirs at law."   The wife, Mary, died before the insured, and these plaintiffs, now claiming to be his brothers and only heirs at law, bring this action to recover from the insurance company that amount.   The company, by affidavits, shows that one Nettie M. White also claims from defendant such amount as the heir at law of said deceased.   It further shows that it is ready and willing to pay the full amount to whomsoever shall be adjudged to be the beneficiary entitled thereto, and it moved the court, under section 820 of the Code, to be allowed to pay such money into court, and that the said Nettie M. White be substituted as defendant in its place in this action.   The motion was granted, and from the order entered thereon this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

T. B. & L. M. Merchant, for appellants.
Newell & Hennessey, for respondent.
H. D. Messenger, for claimant Nettie M. White.

PER CURIAM.   There is no dispute between the parties hereto but that the defendant makes out a clear right to the substitution for which it asks, except in this one particular, to wit, that the grounds upon which Nettie M. White bases her claim to be an heir at law of the deceased do not present any reasonable foundation for such claim.   It is not pretended that Nettie M. White bears any relation by blood or affinity to the deceased.   Her claim is based entirely upon the theory that in the year 1870, when she was an infant of about 4 years of age, a parol agreement was made between her father and the deceased by virtue of which she was received into the family of deceased as his daughter, and thenceforth, until her marriage, she bore his name, was introduced by him, educated, and in all respects treated by him as such daughter, and on her part rendered him the services and obedience of a daughter; that, by force of the agreement then made between her father and the deceased, the deceased became obligated to adopt and make her his heir at law; and that she thereupon became an heir at law of the deceased,

or else is now entitled to a specific performance of his said agreement, and to an adjudication that she be deemed such an heir. It is true that the evidence as to the precise agreement under which she was taken by the deceased into his family, and was thenceforth treated as his daughter, is quite meager, and, even if the agreement be proven to have been all that she claims it was, it is not entirely clear that she would then have established her right to the fund in question. Upon those claims we do not now give any opinion, but we are of the opinion that the claim so presented raises such a reasonable doubt as to the sole right of the plaintiffs to the fund in question that the defendant is entitled to the substitution which it asks. The parties do not dispute the rule of law which controls in such cases. They both state it as it is laid down in Burritt v. Publishing Co., 19 App. Div. 609, 46 N. Y. Supp. 295, and Crane v. McDonald, 118 N. Y. 655, 23 N. E. 991; and we think that, under the rule as there given, the order appealed from was properly granted. As was said in the latter case, it was not necessary for the defendant "to decide at his peril either close questions of fact or nice questions of law, but it was sufficient if there was a reasonable doubt as to which claimant the debt belonged." Here a case is presented that evidently should not be decided upon affidavits alone. Such an examination of the evidence as can only be had upon a trial is required to settle the questions of fact, and a careful consideration of the agreement, if any, and of the intent of the parties, is necessary to determine the rights of the several parties under the law.

The order must therefore be affirmed, with $10 costs and disbursements.