Amanda M. Ellis et al. v. National Exchange Bank et al.

Decided April 1, 1905.

**1—Parties—Cross Action—Right to Fund in Bank.**

Where defendants by cross-action asserted rights to a fund deposited with plaintiff bank and claimed by a third person, and also made such third person a party to the suit, they could not complain of the court's action in overruling their general demurrer to his crossbill and settling the rights of the parties to such fund in one suit.

**2—Pleading and Judgment—Action on Note—Prayer for Damages.**

Where the action is on a note which is set out in full in the petition, with prayer for the debt, interest and attorney fees stipulated in the note, a judgment for the amount so due is not error because it is in excess of the amount stated in the ad damnum clause of the petition.

**3—Practice on Appeal—Presumptions in Absence of Statement of Facts.**

It will be presumed on appeal in the absence of a statement of facts, that the facts necessary to support the judgment were proved on the trial below.

**4—Trust Fund to Pay Debts of Corporation—Right to.**

Where money was deposited in a bank as security for the payment of the debts of a corporation, under an agreement made with a purchaser of the corporate property and rights stipulating that no money should be paid out of the fund except to creditors until all the debts due by the corporation were discharged in full, such money constituted a trust fund to pay the corporation's debts, and was properly adjudged to such purchaser upon proof that he had been compelled to pay debts of the corporation equal to or exceeding the amount of the fund.

Appeal from the District Court of Dallas. Tried below before Hon. T. F. Nash.

*Eugene Williams* and *A. E. Firmin*, for, appellants.—1. The answer of appellee Post on its face showed that the surplus of $1,644.14 in the hands of the bank was to be paid to C. G. Ellis and Emmette A. Ellis, and, as he did not garnish the bank, or otherwise by law fix a lien upon this surplus, appellants' general demurrer to appellee Post's answer should have been sustained, he having been brought into the cause only to litigate the right of appellants to this $1,644.14 surplus. Santleben v. Froboese, 45 S. W. Rep., 571.

2. Judgment should not have been rendered in favor of appellee bank for more than $5,000, as it alleged its damage to be $5,000. Karnuff v. Kelch, 55 Atl. Rep., 163.

*McLaurin & Wozencraft*, for appellee Hoyt Post.—Appellants, having made appellee Hoyt Post a party to this suit for the purpose of settling by this litigation appellant's right to the fund deposited in appellee bank, as security for certain debts, can not complain that the rights of all parties to this suit in the fund were disposed of in this suit. Clegg v. Varnell, 18 Texas, 306; Moore v. Francis, 17 Texas, 29; Young v. Gray, 65 Texas, 101; Scott v. Farmers' & Merchants' Nat. Bank, 66 S. W. Rep., 485.

*Coke & Coke,* for appellee.—1. The allegations of fact and prayer for relief in this appellee's original petition fully support the judgment rendered, and the formal *ad damnum* clause "to plaintiff's damage $5,000," was immaterial surplusage, and properly disregarded. Sanders v. City Nat. Bank, 12 S. W. Rep., 110; Oppenheimer v. Fritter, 3 Texas App. Civ. Cases, sec. 263; Kennedy v. Young, 25 Ala. Rep., 563; Johnson v. Riddir, 50 N. W. Rep., 36.

2. In a suit for a debt the law fixes the recovery at the amount sued for, with interest as damages. In such a suit the formal *ad damnum* clause, though usually inserted from habit, is wholly inappropriate, and is regarded as surplusage. The authorities cited are directly in point. Should the court wish others, they will find the following sustain the position: Times Pub. Co. v. Hill, 81 S. W. Rep., 806, and cases cited; Rose v. Riddle, 3 Texas Ct. of App. Civ. Cas., sec. 298. A like question has often arisen in the federal courts in removal cases; and in actions sounding in debt it has been uniformly held that the allegations govern, and the *ad damnum* clause is treated as of no consequence. Lee v. Watson, 1 Wall., 337; Schacker v. Hartford Fire Ins. Co., 93 U. S., 241.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee, National Exchange Bank, on December 11, 1902, filed its action against appellants, Mrs. Amanda M. Ellis, Leigh Ellis, C. G. Ellis and Emmette A. Ellis, to recover on a promissory note in the sum of $4,291, with interest at ten percent per annum from October 27, 1902, and ten percent attorney's fees.

Appellants replied by general demurrer, general denial and special answer, the latter being by way of cross action, and making one Hoyt Post a party, and alleging that appellants C. G. Ellis and Emmette A. Ellis deposited with appellee bank $113,036.09 during the year 1902 with which to discharge certain indebtedness due by the Standard Light and Power Company, the corporation in which the Ellises owned stock, which was sold to said Post, said deposit having been made out of the purchase money of the sale of said stock.

Appellants alleged in their cross-action that, after paying off the indebtedness scheduled, the sum of $1,640 remained in the hands of appellee bank, which appellants directed should be credited upon the note due the bank evidencing the indebtedness sued upon by appellee bank herein; that said bank refused to make such credit, and appellants impleaded appellee Post in order that all issues arising out of the transaction might be finally determined.

Appellants prayed that said credit of $1,640 be allowed, tendering willingness to pay any balance due upon the said indebtedness to appellee bank.

Post appeared and answered, after describing the fund deposited with the bank and the manner and purpose of its deposit, that the agreement upon which the fund was deposited expressly provided that no money should be paid out of said fund except to creditors until all debts and liabilities of the Standard Light and Power Company are paid and discharged in full, and that if any other debts or claims of any kind and character, not mentioned in the schedule, should be presented or made against the said Standard Light and Power Company, which oc-

curred or arose prior to the first day of June, 1900, said Emmette A. and Caswell G. Ellis agreed to pay the same, and save said Hoyt Post and his principals and their associates harmless therefrom. And that it was expressly stipulated in the fifth paragraph of said agreement that it was the purpose and intention of said agreement that Hoyt Post, for his principals and associates, by said agreement purchased all of the stock of said Standard Light and Power Company, and that said company should be freed and discharged by the said Emmette A. and Caswell G. Ellis of all debts and liabilities of every nature and description whatever up until midnight, May 31, 1900, and the funds so deposited with the said bank were deposited as security to that end. Said answer then set out a statement of the indebtedness that did exist against the said company, and which the said Ellises had not paid, and which the said Hoyt Post had been compelled to pay, and had paid, amounting to a sum largely in excess of the balance remaining in the hands of appellee bank. Appellee Post prayed for judgment against Emmette A. and Caswell G. Ellis, and asked that the bank be required to pay said sum to Post, and for general relief.

Appellee bank answered by amended supplemental petition filed February 15, 1904, alleging that it had paid out all except $1,644.14 of the said deposit; that appellee Post claimed the balance should be paid to him, and refers to the answer of appellee Post, making it a part of its supplemental petition, alleging further a willingness to apply the credit as the court might direct, claiming the attitude simply of a trustee.

Judgment was rendered in favor of appellee bank against appellants for $5,336.30, and in favor of appellee Post against appellants C. G. Ellis and Emmette A. Ellis for the sum of $1,644.14, and that the bank pay over that amount to Post, no execution being ordered against appellants C. G. and Emmette A. Ellis for the $1,644.14.

There was no error in overruling the appellants' general demurrer to the answer of Hoyt Post. The appellants made Post a party to the suit for the purpose of settling by this litigation appellants right to the balance of the fund deposited in the bank to secure the payment of the debts of the Standard Light and Power Company.

Emmette A. and C. G. Ellis owned the entire stock of the Standard Light and Power Company, which stock Hoyt Post agreed to purchase for the sum of $150,000. Of this sum $113,036.09 was deposited with appellee bank to secure the payment of the debts of said company. The agreement by virtue of which the deposit was made, a copy of which is attached to Post's plea, provides, among other things, that, "And said parties of the first part (Emmette A. and C. G. Ellis), out of the aforesaid purchase price, agreed 'to pay and satisfy all the debts, liabilities and obligations of every kind and character whatsoever, which said company on said last mentioned date (midnight of May 31, 1900) owed or was in any manner liable for.'"

Annexed to said contract, marked Exhibit A, is a schedule of the debts and liabilities of said company, "which said parties of the first part hereby undertake and guarantee is a complete and correct statement of all the debts and liabilities of every nature of the said company." Said exhibit shows debts amounting to $113,036.09. It further stipulated that "Said party of the third part (National Exchange Bank)

shall hold and retain out of said purchase price the full sum of $113,-036.09 as security for the payment and satisfaction of the debts and liabilities of the said Standard Light and Power Company, accrued and accruing prior to and up to midnight of May 31, 1900. . . . No money shall be paid out of said fund except to creditors, as aforesaid, until all debts and liabilities of said Standard Light and Power Company are paid and discharged in full. . . . It is further agreed that the surplus, if any, of said fund held by said bank after the satisfaction of all of aforesaid debts and liabilities of said Standard Light and Power Company, as hereinbefore provided, shall be paid by the said bank to the parties of the first part."

The fifth and last paragraph of said contract is as follows: "The purpose and intention of this agreement is that the party of the second part for his principals and associates, hereby purchases all of the stock of the Standard Light and Power Company, said company to be freed and discharged by the parties of the first part from all debts and liabilities, of every nature and description whatsoever, up to midnight, May 31, 1900, and the funds deposited with the said party of the third part are so deposited as security to that end."

Post having been made a party by appellants, they are in no position to complain of the court's action in overruling their general demurrer to his cross-bill and settling the rights of the parties in one suit to the balance of the fund remaining in the bank. Clegg v. Varnell, 18 Texas, 306; Moore v. Francis, 17 Texas, 29; Young v. Gray, 65 Texas, 101; Scott v. Farmers' & Merchants' Nat. Bank, 66 S. W. Rep., 485.

It is contended that the court erred in rendering judgment against these appellants for $5,336.30, in that there could not in any event have been properly rendered a judgment for more than the $5,000 claimed as damages in plaintiff's pleadings. The appellee sued on a promissory note for $4,291, made by appellants. In its original petition it sets out the legal effect of said note, and then sets out the note in haec verba. The petition concludes as follows: "That said sum of money is long past due, and defendants, though often requested, have failed and refused, and still fail and refuse, and each of them has failed and refused, and each of them does still fail and refuse, to pay the same or any part thereof, to plaintiff's damage $5,000; and it has become necessary for plaintiff to place said note in the hands of attorneys for collection. Wherefore plaintiff prays that the defendants be cited to answer this petition, and that plaintiff have judgment for its debt, interest, attorney's fees, costs of suit and general relief."

The principal of said note, together with interest and attorney's fees, as therein provided, at the date of trial amounted to the sum of $5,-336.30, for which amount the court rendered judgment. The contention that the judgment was for a greater amount than alleged in the pleading was not raised in the trial court, but the point is first made in this court. The contention is not sustained. The note was fully described in the petition, and there is a prayer for judgment for plaintiff for its debt, interest, attorney's fees, costs of suit and general relief. The averment that the defendants have failed and refused, and still fail and refuse, to pay the same or any part thereof, to plaintiff's damage $5,000, will not be given controlling effect over appellee bank's specific

prayer for its debt, interest, attorney's fees, costs of suit and general relief. (Sanders v. City Nat. Bank, 12 S. W. Rep., 110; Oppenheimer v. Fritter, 3 Willson App. Civ. Cas., sec. 263; Kennedy v. Young, 25 Ala., 563; Johnson v. Riddir, 50 N. W. Rep., 36.)

There is no statement of facts in the record. We must presume that the facts alleged by the appellees, insofar as they are necessary to support the judgment, were proved; that the agreement upon which the deposit was made contains the stipulations as plead by Post; that there existed at midnight on May 31, 1900, certain other indebtedness against the Standard Light and Power Company than that included in the agreement under which the deposit was made, which the Ellises failed to pay, and which Hoyt Post was compelled to pay, exceeding in amount the balance of said deposit remaining in the bank. By the terms of that agreement the deposit became a trust fund out of which to pay, in the language of the agreement, "all the debts, liabilities and obligations of every kind and character whatsoever," which said Standard Light and Power Company owed on midnight, May 31, 1900. The trial court did not err in so holding.

The judgment in favor of Post for the balance of such deposit was proper. (Foy v. East Dallas Bank, 28 S. W. Rep., 137, and cases cited in paragraph 1; Crane v. McDonald, 23 N. E. Rep., 991; Walker v. Ramberger, 54 Pac. Rep., 108; Van Zile, Eq. Pl. and Prac., secs. 369, 370, 373; Fletcher's Eq. Pl. and Prac., secs. 772, 773; Storey, Eq. Pleading (10th ed.), sec. 291; 1 Beach's Mod. Eq. Prac., secs. 141, 142; Merchant v. Northwestern Mut. Life Ins. Co., 68 N. Y. Supp., 406.)

Appellee bank contends that the record shows that this appeal is for delay only, and asks that the judgment in its favor be affirmed, with ten percent damages. Looking to the entire record, we are of the opinion that there is merit in the suggestion. That part of the judgment in favor of Hoyt Post is affirmed, and the part in favor of appellee National Exchange Bank is affirmed with ten percent damages.

*Affirmed.*

Writ of error refused.