## WILLETT v. HERRIN et al.

(Court of Civil Appeals of Texas. Galveston. Oct. 17, 1913.)

1. JUSTICES OF THE PEACE (§ 141*)—APPEAL—JURISDICTION.

The county court acquires no jurisdiction upon appeal in an action originating in the justice court but over which that tribunal was without jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 467–476; Dec. Dig. § 141.*]

2. JUSTICES OF THE PEACE (§ 44*)—ACTIONS—PLEADING.

In an action in justice court, the jurisdictional amount is determined by the amount shown in the statement of the cause of action; hence, where the petition stated a cause of action for the recovery of $200 delivered to defendant under an agreement that he should repay on demand, the jurisdiction of the justice court is not ousted by the general averment of $500 damages for the defendant's refusal to pay.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

3. JUSTICES OF THE PEACE (§ 91*)—ACTIONS—JURISDICTION—PETITION.

A petition in an action in justice court, alleging that plaintiff delivered $200 to defendant, receiving his obligation in writing to repay the money on demand, with interest, but that defendant failed to repay the same, states a cause

of action upon contract, and the claim of interest, being for interest eo nomine and not as damages, does not oust the justice of jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 307–323; Dec. Dig. § 91.*]

4. JUSTICES OF THE PEACE (§ 159*)—APPEAL—DEFECTIVE BOND—EFFECT—REVIEW—HARMLESS ERROR.

Where plaintiffs' cause of action was dismissed by the justice and the only judgment against them was for costs, no bond is required to perfect an appeal to the county court; and hence the defendant cannot move to dismiss the appeal because the bond given was defective.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 544, 550–578; Dec. Dig. § 159.*]

5. JUSTICES OF THE PEACE (§ 45*)—ACTIONS—JURISDICTION—PLEADING.

In an action in justice court, where defendant set up a counterclaim alleging several amounts, the total of which exceeded $200, the counterclaim was beyond the jurisdiction of the justice, even though defendant prayed for a recovery of only $200.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 173–175; Dec. Dig. § 45.*]

6. JUSTICES OF THE PEACE (§ 174*)—REVIEW—HARMLESS ERROR.

Where defendant's counterclaim was beyond the jurisdiction of the justice court, defendant cannot complain that on appeal to the county court that tribunal improperly allowed plaintiff to interpose a defense not pleaded in the justice court.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

7. APPEAL AND ERROR (§ 742*)—REVIEW—ASSIGNMENTS.

Assignments of error complaining of the charge, when not followed by propositions subjoined to a sufficient statement to explain the propositions, as required by rule 31 (142 S. W. xiii), will not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

8. INTEREST (§ 31*)—RECOVERY—AMOUNT.

Where an obligation providing for the return of money did not stipulate any rate of interest, the obligee can recover only the legal rate of 6 per cent.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 64–67; Dec. Dig. § 31.*]

9. APPEAL AND ERROR (§ 1068*)—REVIEW — HARMLESS ERROR.

In an action on an obligation providing for the payment of $200, without mention of interest, the error of the court in charging that the jury might find for plaintiffs, with 10 per cent. interest, is harmless, where the record does not show that they did so find and the judgment for plaintiff only carries 6 per cent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

Appeal from Newton County Court; W. E. Gray, Judge.

Action by Mrs. S. P. Herrin and others against H. L. Willett, begun in justice court, where the cause was dismissed. From a judgment for plaintiff on appeal to the county court, defendant appeals. Affirmed.

Forse & Wigley, of Newton, for appellant. Wightman & Hancock, of Newton, for appellees.

PLEASANTS, C. J. This suit was brought by appellees against the appellant in a justice court of Newton county. Plaintiffs' original petition filed in the justice court on August 29, 1911, contains the following allegations and prayer: "That heretofore, to wit, on the 30th day of August, 1907, defendant executed and delivered to plaintiff his obligation in writing to pay to plaintiff in the sum of $200, which obligation was given for $200 in cash, which plaintiff delivered to defendant to be kept for plaintiff by defendant subject to her order; that at the time of receiving said $200 defendant agreed to pay plaintiff 10 per cent. interest on said $200 for such time as he should keep said money; that said obligation in writing is hereto attached and made a part hereof; that said sum of $200 and interest thereon at 10 per cent. is now due and unpaid; and that defendant, though often requested, has hitherto failed and refused and still refuses to pay the same or any part thereof, to plaintiff's damage in the sum of $500. Wherefore plaintiff prays the court that defendant be cited to appear and answer this petition and that she have judgment for her debt in the sum of $200 and interest and cost of suit, and for such other and further relief, special and general, in law and in equity, and that she may be entitled to and in duty bound will ever pray," etc.

The defendant on the day the cause was called for trial in the justice court filed a motion to dismiss the suit on the ground that the amount in controversy was beyond the jurisdiction of the court. He also filed an answer containing a general demurrer and a special exception challenging the petition on the ground that it showed on its face that plaintiffs' cause of action accrued more than four years before the suit was filed, a general denial, and the following plea of offset or counterclaim: "Now comes the defendant in the above cause, by his attorney, and says that the said plaintiff before and at the time of the commencement of this suit, to wit, on the 29th day of August, 1911, was and still is indebted to this defendant in the sum of $200 for a doctor bill for 39 trips made by the defendant to visit the plaintiffs' child while sick, which is reasonably worth $5 per trip, which makes the sum of $195, by cash paid by defendant to plaintiff, $10, for medicine sold and delivered to the plaintiff by defendant, $3.90. That said visits were made to see the plaintiffs' child, while sick, at the special instance and request of plaintiff, and that said medicine was sold and delivered to the plaintiff by the defendant at the special instance and request of the plaintiff, and that said $10 in cash was paid to the plaintiff by this defendant at the special instance and request of the plaintiff; in consideration whereof the said plaintiff promised and became liable and bound to pay this defendant the sum of $200

for prices charged therefor, which said sum of money is so due and unpaid, and it is yet due this defendant by the plaintiff, as above set forth, which exceeds the damages sustained by the plaintiff by reason of the matters alleged in their petition, and out of which said sums this defendant is ready and willing, and hereby offers, to offset and allow to the said plaintiffs the full amount of their said damages, and of this he is ready to verify. Wherefore the defendant prays judgment of the court, that the plaintiffs take nothing by their suit, and that this defendant do have and recover from them judgment for all costs in this behalf expended."

The justice court sustained the motion to dismiss for want of jurisdiction and entered the following judgment: "On this the 4th day of November, A. D. 1911, came on to be heard the above-entitled and numbered cause. The plaintiff appeared by attorney and announced ready for trial, whereupon came the defendant by attorney and pleaded to the jurisdiction of this court. After hearing said plea and argument of counsel, the court was of the opinion that the law is with the defendant, and that said plea in all things be sustained, and that said cause be dismissed for want of jurisdiction, and that the defendant recover of and from the plaintiff all costs in this behalf expended, for which let execution issue." Plaintiffs excepted to the judgment and gave notice of appeal to the county court of Newton county. Thereafter plaintiffs executed an appeal bond, and the transcript from the justice court was duly filed in the county court.

Defendant moved in the county court to dismiss the suit on the ground that the amount in controversy was beyond the jurisdiction of the justice court, and therefore the county court acquired no jurisdiction by the appeal, and also on the ground that the appeal bond was fatally defective because it misdescribed the judgment appealed from.

Plaintiffs filed an exception to defendant's counterclaim or plea of offset on the ground that the amount claimed in said plea was beyond the jurisdiction of the justice court, and also excepted to said plea on the ground that the cause of action therein set up by defendant was barred by the statute of limitation of two years. They also pleaded a general denial and limitation of two years. The defendant excepted to the plea of limitation on the ground that it was not pleaded in the justice court.

The motion to dismiss and all of the exceptions presented by each of the parties were overruled by the court. The cause was tried with a jury and resulted in a verdict in favor of the plaintiffs for the sum of $129.20. Upon this verdict judgment was rendered in favor of plaintiffs for said amount, with interest from date of the judgment at the rate of 6 per cent. per annum.

We shall not discuss the various assign-ments of error in detail but will content ourselves with a decision of the material questions presented by appellant's brief. It is first contended that the trial court erred in not sustaining appellant's motion to dismiss for want of jurisdiction because: First, the petition shows that the amount in controversy was $500, which amount is above the jurisdiction of the justice court; and, second, that the interest claimed in the petition was claimed as damages and not as interest eo nomine, and that such damages, added to the $200 claimed, produced a sum beyond the jurisdiction of the justice court.

[1] It is unnecessary to cite authority to sustain the proposition that if the justice court, in which the suit originated, was without jurisdiction, the county court acquired no jurisdiction by the appeal, and the only question for us to determine is whether upon the face of the petition the amount in controversy was beyond the jurisdiction of the justice court.

[2] The only question upon this issue which presents any difficulty is whether the general allegation in the petition that by the failure and refusal of the defendant to pay the $200 and interest, in accordance with his contract, the plaintiffs were damaged in the sum of $500, coupled with the prayer of the petition for general and special relief, shows that the amount in controversy was the sum of $500. It has been generally held that the amount shown in the statement of the cause of action, and not the amount for which recovery is sought in the prayer of the petition, must be looked to in determining the amount in controversy in a suit, and that the sum of the items shown in the statement of the cause of action, and not the general statement of the amount claimed to be due, will determine the question of what is the amount in controversy. Railway Co. v. Coal Co., 102 Tex. 478, 119 S. W. 294; Railway Co. v. Hood, 125 S. W. 983; Times Pub. Co. v. Hill, 36 Tex. Civ. App. 389, 81 S. W. 806; Oppenheimer & Co. v. Fritter, 3 Willson, Civ. Cas. Ct. App. § 263. In all of these cases, except the one last cited, the question was whether, when the sum shown to be due in the statement of the cause of action was above the jurisdiction of the court, the plaintiff could confer jurisdiction upon the court by praying for a sum within the jurisdiction. Whatever conflict on this question there may have formerly been in the authorities, it is now well settled that the prayer of the petition will not control, and that the amount in controversy is the sum of the indebtedness shown in the statement of the cause of action. In the case last cited this rule was applied where the petition, as in the instant case, contained in addition to a specific statement of the indebtedness due by the defendant, which was an amount within the jurisdiction of the court, a general allegation that, by the failure of the defendant to pay the indebtedness so due, the plaintiff was

damaged in a named sum which was above the jurisdiction of the court. The court in that case said: "This suit being upon a promissory note, it is manifest that plaintiff could recover no more than legal interest as damages, and in fact his suit is brought to recover no more than the principal and interest of the debt. The ad damnum allegation in the petition claiming $1,000 damages is surplusage and should have been so treated. The real amount in controversy was the debt and interest thereon, and of this amount the court had jurisdiction." This decision was approved and followed by the Court of Appeals for the Fifth District in the case of Ellis v. Bank, 38 Tex. Civ. App. 619, 86 S. W. 776, in which case a writ of error was refused by our Supreme Court.

The general rule seems to be that when the demand is on a note or contract that the principal and interest due upon the instrument declared upon will control the amount of the judgment that should be rendered in the case, regardless of the amount claimed in the general ad damnum allegation, and if the sum laid as damages in the ad damnum allegation does not correspond with the amount of the principal and interest due on the note or contract, it will be regarded as a clerical misprision. Kennedy v. Young, 25 Ala. 563; Johnson v. Rider, 84 Iowa, 50, 50 N. W. 36.

We think the decisions above cited sustain the trial judge in his holding that the amount in controversy in this cause was the $200, with interest, and not the sum of $500 alleged to be the damages sustained by the plaintiffs because of the failure of defendant to pay the amount due upon his contract.

[3] The second ground upon which the jurisdiction of the justice court is attacked is wholly untenable. There is no element of tort in the cause of action alleged by plaintiffs, and the interest claimed is not claimed as damages. The demand is upon a contract for the payment of money, and the statute allows interest upon such demand from the time the payment was due, which in this case was upon the request or demand of the plaintiffs. Clearly in such case the interest claimed is claimed as interest eo nomine and not as damages. Schulz v. Tessman, 92 Tex. 489, 49 S. W. 1031. This disposes of appellant's motion to dismiss the appeal because the justice court was without jurisdiction.

[4] The next contention is that the trial court erred in refusing to dismiss the appeal on the ground that the appeal bond filed in the justice court was fatally defective in that it misdescribed the judgment appealed from. This objection to the bond is sustained by the record, but the trial court did not err in refusing to dismiss the appeal on this ground. The judgment in the justice court being against plaintiffs for cost only, they were not required to execute an appeal bond in order to perfect their appeal to the county court. Railway Co. v. Stock Farm, 91 Tex. 628, 45 S. W. 375. No appeal bond having been required, it necessarily follows that the trial court properly refused to dismiss the appeal on the ground that the bond filed by plaintiffs was insufficient.

[5, 6] Defendant's exception to plaintiffs' plea of limitation against defendant's counterclaim on the ground that said plea was not filed in the justice court was valid, but the refusal of the court to sustain the exception was not prejudicial to appellant because the counterclaim was for an amount beyond the jurisdiction of the justice court, and plaintiffs' plea to the jurisdiction of the court to hear and determine such counterclaim should have been sustained. The sum of the amounts alleged to be due by said counterclaim, before set out, exceeded the amount of which the justice court had jurisdiction, and under the authorities before set out that sum was the amount in controversy, notwithstanding the defendant only asked to recover the sum of $200. It goes without saying that the appellant cannot complain of the refusal of the trial court to sustain exceptions to a plea of limitation against a claim which could not have been adjudicated in the suit.

[7-9] The several assignments of error complaining of the charge of the court are not entitled to consideration because none of them is followed by a sufficient statement from the record as required by rule 31 (142 S. W. xiii). If this objection to the assignments should be waived and all of them be considered, the only one which presents any error is that complaining of the paragraph of the charge which permits the jury to find in favor of plaintiffs for 10 per cent. interest on the amount due upon the instrument on which the suit is based. This instrument is as follows: "Aug. 30th, 1901. Received of Mrs. S. P. Terry the sum of $200.00 two hundred dollars the same to be taken care of and returned at her request at any time. [Signed] H. L. Willett, M. D." No interest being stipulated in the written instrument, in the absence of allegations and proof of fraud or mistake, plaintiffs could not show by parol that the agreement between the parties was that defendant should pay interest on the $200 at 10 per cent. and only the legal rate of 6 per cent. could be recovered. But the error of the court in submitting to the jury the question of whether the parties agreed that the $200 should bear interest at the rate of 10 per cent. was harmless because the record fails to show that the jury found in favor of plaintiffs on this issue, and the judgment rendered by the court only bears 6 per cent. interest.

The appellees would be entitled to a reversal of the judgment on their cross-assignment complaining of the refusal of the trial court to sustain their exception to appellant's counterclaim on the ground that the amount claimed thereon was beyond the jurisdiction

of the justice court, but they ask that the judgment be affirmed.

There being no error in the record of which the appellant can complain, the appellees being satisfied with the judgment, notwithstanding the error against them in submitting appellant's counterclaim to the jury, it follows that the judgment should be affirmed, and it is so ordered.

Affirmed.