### WARREN et al. v. PARLIN–ORENDORFF IMPLEMENT CO. et al. (No. 1383.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 4, 1918. Rehearing Denied Jan. 8, 1919.)

1. LIMITATION OF ACTIONS ☞180(5) — PLEADING—EXCEPTIONS.

In suit to establish plaintiff's and interveners' interest in a note, exception, to the effect that cause of action asserted by plaintiff creditor showed that cause of action was barred, was properly overruled, where claims of interveners, other creditors, was not barred.

2. LIMITATION OF ACTIONS ☞167(1)—SUIT TO ENFORCE PLEDGE OR TRUST.

Note, together with contract of sale, whereby sellers warranted title and agreed that proceeds of note received from buyers should be applied to any and all debts against property, amounted to an assignment of note to sellers' creditors, and suit by a creditor was not barred, although he could not maintain suit on debt; a bar by statute not paying the debt.

3. LIMITATION OF ACTIONS ☞167(1)—SUIT TO ENFORCE PLEDGE OR TRUST.

A pledgee of property may sell or sue for conversion, although debt which it was given to secure is barred.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. ASSIGNMENTS FOR BENEFIT OF CREDITORS** ⚮3 — TRANSACTION CREATING TRUST FOR CREDITORS.

Where sellers and buyers agreed that proceeds of note representing part of consideration for goods should be applied to payment of any and all debts or claims against goods, *held*, that creditors of sellers had an interest in note and were entitled to judgment for proportional amount of their claims.

**5. ASSIGNMENTS FOR BENEFIT OF CREDITORS** ⚮44 — NOTICE TO AND ACCEPTANCE BY CREDITORS.

Although creditors of sellers did not know, at time of its creation of trust in note given as part consideration for goods, they had a right thereafter to affirm it and to enforce it in their favor, and, when they affirmed trust, they were no longer simple contract creditors.

**6. ASSIGNMENTS FOR BENEFIT OF CREDITORS** ⚮295(8)—ACTION ON NOTE—PLEADING—JUDGMENT.

In suit by creditors of sellers to enforce a trust in note given by purchasers, allegation that purchasers, parties defendant, executed the note and signed the contract, creating the trust, authorized a judgment against the purchasers for the amount of the note.

**7. TRUSTS** ⚮336—SUIT BY BENEFICIARY.

Where trustee seeks to repudiate the trust, the beneficiary may sue to enforce the trust.

**8. FRAUDULENT CONVEYANCES** ⚮213 — BULK SALES LAW—"CREDITOR."

One who purchased a note given by the buyers as part consideration for goods purchased would not be a "creditor," within Bulk Sales Law (Vernon's Sayles' Ann. Civ. St. 1914, arts. 3971–3973), providing that a bulk sale shall be void against creditors.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Creditor.]

**9. ESTOPPEL** ⚮78(2) — INCONSISTENT CONDUCT.

Sellers and buyers would be estopped from claiming that sale was in violation of Bulk Sales Law (Vernon's Sayles' Ann. Civ. St. 1914, arts. 3971–3973) to defeat just debts, which both had agreed to pay and made provision to pay out of the consideration for sale.

**10. FRAUDULENT CONVEYANCES** ⚮225—ESTOPPEL OF CREDITOR—INCONSISTENT CONDUCT.

Creditors of sellers by affirming contract of sale made it their own, and would be estopped to set up that it was originally illegal.

**11. ELECTION OF REMEDIES** ⚮7(1)—REDUCING DEBT TO JUDGMENT.

A creditor of sellers by reducing debt to judgment, after creation of trust in note, *held* not to have elected to pursue a different remedy than that which he had by virtue of agreement between sellers and buyers, whereby trust was created in favor of sellers' creditors in note given as part consideration for the goods.

**12. ELECTION OF REMEDIES** ⚮7(1)—CHANGING FORM OF OBLIGATION.

Creditors of sellers by taking notes for debts, after creation of trust in note, *held* not to have elected to pursue a different remedy than that which they had by virtue of agreement between sellers and buyers, whereby trust was created in favor of sellers' creditors in note given as part consideration for the goods.

**13. ASSIGNMENTS FOR BENEFIT OF CREDITORS** ⚮333—PURCHASER WITH NOTICE—RIGHTS.

One who came into possession of note given as part consideration for goods, and held in trust for benefit of creditors of sellers, after note was due and had notice of the facts, cannot complain that in suit by creditors to realize on the note he was not awarded the residue.

**14. LIS PENDENS** ⚮4—LIS PENDENS PURCHASER.

One who purchased a note long after maturity, and after suit was begun thereon, would be a pendente lite purchaser, and lis pendens would apply to her.

**15. EVIDENCE** ⚮459(1) — PAROL EVIDENCE TO IDENTIFY PARTIES—ADMISSIBILITY.

Where contract provided that note given as part of purchase price for goods should be applied by sellers to payment of all claims against the goods, parol evidence was admissible to show who were creditors of sellers.

Appeal from District Court, Deaf Smith County; Reese Tatum, Judge.

Action by the Parlin-Orendorff Implement Company against M. W. Warren and others, in which certain creditors intervened. From the judgment rendered, M. W. Warren and others appeal. Affirmed.

G. W. Barcus, of Waco; Veal & Lumpkin, of Amarillo, and A. S. Rollins, of Houston, for appellants.

Carl Gilliland, of Hereford, for appellee Parlin & Orendorff Implement Co.

Madden, Trulove, Ryburn & Pipkin, of Amarillo, for appellee Morrow-Thomas Hardware Co.

Knight & Slaton, of Hereford, for appellees Texas Harvester Co., Wyeth Hardware & Mfg. Co., and Hibbard, Spencer & Bartlett & Co.

HUFF, C. J. This is an action originally brought by Parlin-Orendorff Implement Company, a corporation, against J. I. Walker and J. J. Perkins, a partnership, under the name of Walker & Perkins, and G. W. Barcus and M. W. Warren. Suit was instituted March 9, 1914, and on the 5th day of June, 1915, judgment was rendered in which the defendant M. W. Warren was dismissed by the plaintiff. That case was appealed to this court and reversed because necessary parties to the suit were not parties in that action. Upon its return to the trial court, the plaintiff filed its third original petition. In the meantime,

⚮For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

however, certain creditors intervened in the original suit, and, after reversal and filing the amendment, the plaintiff, Parlin-Orendorff Implement Company made M. W. Warren a party defendant to the suit and the other members of the partnership of Warren Hardware Company, and for cause of action it is alleged that J. J. Perkins and J. I. Walker, on or about the 14th day of January, 1913, composed a copartnership, known as 'Walker & Perkins, and on that date entered into an agreement with M. W. Warren and C. W. Warren on the one part, and Walker and Perkins on the other, Walker & Perkins being the first party and C. W. Warren and M. W. Warren parties of the second part, who were acting for the Warren Hardware Company. The parties of the second part in that contract conveyed all the merchandise, goods, etc., of the Warren Hardware Company, situated in the town of Hereford, Deaf Smith county, and in payment for the above-mentioned property J. J. Perkins was to convey six tracts of land of 177 acres each, aggregating 1,068 acres, at the price of $15 an acre, totalling $15,930, less the debt which Roberts county held against the land, and the balance was to be paid by Walker & Perkins to the parties of the second part, the Warrens; $4,000 to be evidenced by a note for that sum, the note to be dated as of the date of the contract, and to mature 90 days from such date, with interest at 8 per cent. The contract also contained the following clause:

"Third. Second parties guarantee to the first parties that they, the second parties, will pay or cause to be paid, any, every and all indebtedness of claims of whatsoever nature, kind or amount which may be due or owing upon or for any and all the property described in the first paragraph, and that second parties will make a good and sufficient bill of sale, conveying and warranting the title to all of said property to first parties against any and all persons whomsoever, and deliver all of said property to first parties clear and free from all claims, debts, except such as the second parties will hereafter fully satisfy, pay off and discharge themselves. The proceeds of the note above mentioned which first parties are to make and pay to second parties, being intended and agreed to be applied to the payment of any and all debts of claims which may be owing for or against any of the property mentioned in paragraph first, and the proceeds of said note must be applied to the payment of any and all claims for or against said property until all such claims and debts are fully liquidated. And in the event the proceeds of said note are insufficient to fully pay off and discharge all of such indebtedness, then, nevertheless, the second parties undertake and agree to fully pay off and discharge any and all such claims."

This contract was signed Walker & Perkins, per J. I. Walker, and Warren Hardware Company, by C. W. Warren. There are necessary allegations, showing that the parties executing this contract were doing so for their respective copartnerships. It is al-

leged that Walker & Perkins were, by the terms of the contract, to execute the $4,000 note upon the final consummation of the contract, and the note to be dated as of the date of the contract. It was also alleged that the Warren Hardware Company was doing business in the town of Hereford, and that the plaintiff sold it merchandise, which was used by said partnership in the business and which indebtedness was evidenced by a promissory note made by the partnership on November 12, 1910, that being the date of the note, and due August 15, 1911, for the sum of $1,610.99, bearing interest from date until paid at the rate of 8 per cent. per annum to maturity, and 10 per cent. per annum thereafter, providing for the payment of 10 per cent. attorney's fees, and that said indebtedness was a portion of the indebtedness referred to and understood and contemplated by the parties to the contract, in the third paragraph, heretofore quoted. The plaintiff also alleged that the Warren Hardware Company was indebted to Hibbert, Spencer & Bartlett, evidenced by two promissory notes, due respectively June 15 and July 15, 1913, each for $183.13, and was also indebted to the Texas Harvester Company, as evidenced by two promissory notes, one for $1,000 and one for $685, and also was indebted to Morrow-Thomas Hardware Company on a note for $1,000, with credit of $200, and was also indebted to the Wyeth Hardware & Manufacturing Company in the sum of $293; that all the above indebtedness of the creditors named was the indebtedness referred to and agreed to, contemplated and understood by the parties to said contract as being the indebtedness and all the indebtedness referred to in paragraph third of the contract; and that there was no other indebtedness at the time said contract was entered into or that accrued thereafter. They allege that the Warren Hardware Company was still owing and due on the respective amounts above set out, which have not been paid; that after the execution of the contract above set out, and after it was fully consummated, completed, and carried out, on the part of Perkins & Walker, who executed to defendant M. W. Warren and C. W. Warren the note provided for in the contract for the sum of $4,000, dated January 22, 1913, due 90 days after date, bearing interest at 8 per cent. and providing for attorney's fees.

It is further alleged that the note for $4,000 was executed and delivered to the defendants Warren, to be held by said Warrens in trust to be by them collected and the proceeds thereof to be paid to plaintiff and the above creditors hereinbefore named and specified, but that, after executing and delivering said note the defendant, G. W. Barcus, after its maturity and with full knowledge of the purpose for which it was executed, and with knowledge of such facts as would and should have put him upon inquiry, and without paying

any consideration therefor, and for the sole purpose of assisting his father-in-law, M. W. Warren, in hindering, delaying, and defeating said creditors of the said Warren Hardware Company, above mentioned, in the collection of their respective debts, and their equitable rights and interest in said $4,000 note, acquired possession of said note and now claims to be the rightful and legal owner and holder of said note, but in truth and fact is only holding it fraudulently for the purpose of defeating plaintiffs, and other creditors mentioned in this petition, out of their equitable interest and rights in said note. And for that purpose M. W. Warren and C. W. Warren, and each of them, transferred and delivered to Barcus the note and refused to exercise and perform the duties of trust provided in said contract for them to perform in the collection of said note and the payment of the proceeds thereof to the plaintiff and the other creditors mentioned. It is alleged that the $4,000 note is long since past due, and that the note due the Parlin-Orendorff Implement Company was also due and unpaid.

It prayed that it have its judgment against M. W. Warren, C. W. Warren, and Marvin Cross, who was shown to have been a partner of the Warren Hardware Company, for the full amount of its note, principal and interest, and that it have its judgment against Walker & Perkins and as to and against the defendant G. W. Barcus for the full amount of said note for $4,000, together with all accrued interest that may be due thereon, and for costs of suit, and that the decree for recovery of said $4,000 note order and adjudge that the amount of said recovery be prorated in the payment and satisfaction of plaintiff's indebtedness and the indebtedness due by the said Warren Hardware Company, to the other creditors named in the petition. Walker & Perkins answered admitting executing the contract and the promissory notes as alleged in plaintiff's petition, and also that the creditors to whom the Warren Hardware Company was indebted, as explained to them at the time of the execution of the contract, were as stated by plaintiff and the several interveners herein, and that the provision of the contract was for the protection of those creditors; that they were then and had always been willing to pay said note to the payee therein or any legal holder thereof, upon the payment of the creditors, as provided for in the contract. They allege that without their knowledge or consent the defendants transferred it to G. W. Barcus. They fully, in their pleading, recognized their obligation under the contract and note. The several creditors named in the plaintiff's petition also filed what is termed in the record separately pleas of intervention, setting up their indebtedness against the Warren Hardware Company, and claiming the right to participate in the trust funds. Morrow Thomas Hardware Company, in addition to setting up their note against the company, also alleged that since the execution of the contract they had obtained a personal judgment against the partnership of Warren Hardware Company, or had reduced their claim to a judgment. One or two other of the creditors changed the form of their indebtedness from account to note, signed by the partnership.

The court, upon hearing the case, rendered judgment for the amount of $4,000 and ascertained the indebtedness due each of the creditors by Warren Hardware Company, together with interest, up to the date of the judgment, and decreed that they be paid their proportional amount out of the judgment so recovered against Walker & Perkins, rendering judgment against Barcus and M. W. Warren. The facts are sufficient to show that Barcus purchased the note after maturity or came into possession of it at that time with full knowledge of the trust alleged in the petition. The facts sustain all the material allegations of the plaintiff's petition. Barcus set up, by his answer, purchase of the note before maturity without notice; filing several exceptions to the various pleas of the different parties.

Assignments 1 and 2 assail the action of the court in overruling a general exception to the petition by Barcus, and what he terms a "special exception," but which in fact is only a general one to the appellee Parlin-Orendorff Implement Company's petition, on the ground that the cause of action was barred by the statute of limitation. From the statement it will be seen the $4,000 note was executed to M. W. Warren and C. W. Warren, by Walker & Perkins, in pursuance to a written contract upon the sale and purchase of a stock of goods and as part of the consideration thereror paid by Walker & Perkins. The original petition made M. W. Warren a party, but he was dismissed upon the rendition of a former judgment, and this court reversed that judgment because he and the members composing the Warren Hardware Company were not made parties, holding that all the creditors of the firm for whose benefit the note was executed should be parties. Afterwards the amendment upon which trial was had was filed, bringing in all the parties. At that time the debt due Parlin-Orendorff Company by the Warren Hardware Company was barred by the four years' statute of limitation. This suit, it will be perceived, is to establish plaintiff's and interveners' interest in the note in the nature of a trust, and to charge M. W. Warren and G. W. Barcus as trustees of the same, and to establish liability of Walker & Perkins on the note so executed by them for the benefit of plaintiff and interveners, in the proportion of their respective debts.

[1] It seems to be the contention of appellant, because the Warren Hardware Company could have pleaded the bar of the statute to Parlin-Orendorff Implement Company, that

therefore the whole cause should fall. The other creditors' debts were not barred, and as to them the exception should not have been sustained. There were no special exceptions as to the cause of action asserted by Parlin-Orendorff Company further than; that it showed that the cause of action was barred. There was therefore no error in overruling the exceptions. We will state at this time that the judgment of the court did not render a judgment in favor of Parlin-Orendorff Implement Company against the Warren Hardware Company, authorizing the issuance of an execution to satisfy their debt, but only ascertained the amount of the debt that was due them at the time the contract set out was executed, and for the purpose of getting their proportional part thereof.

[2] It is not contended that the $4,000 note was barred. If the written contract had the effect to constitute such note a trust fund to pay Parlin-Orendorff Implement Company's debt, then certainly that company's action to enforce the trust was not barred. The contract and note amounted to an assignment of the note pro tanto to Parlin-Orendorff Implement Company, and that company had that much interest in the note, for which it had the right to sue. This, we think, would be true whether the Parlin-Orendorff Implement Company could have maintained a suit on the debt due it by the Warren Hardware Company. Our Supreme Court has held, in discussing the right to sell by a trustee with power to sell, under a deed, after the debt was barred, that the statutes of limitation are generally to operate solely upon the remedy in the courts, and not to destroy the debt. Fievel v. Zuber, 67 Tex. 275, 3 S. W. 273; Goldfrank & Co. v. Young, 64 Tex. 432.

[3] A pledgee of property may sell or sue for conversion even though the debt is barred for which it was given to secure. Hudson v. Wilkinson, 61 Tex. 609. In the case last above cited, the debtor placed a wagon and mules under an instrument in writing in the hands of the pledgee to secure a note of the creditor. The debtor afterwards sold the property to another who had knowledge of the trust. The party in whose hands the property was placed brought suit for it against the purchaser thereof. It was held:

"In case of a pledge, the fact that the debt which it was made to secure is barred by the statute of limitation would constitute no defense to an action by the pledgee against another for a wrongful conversion of the property; for the reason that the pledgee has a special property in the pledge, and entitled to its possession until the debt is paid. It is said: 'The statute simply bars the remedy—it does not extinguish the debt. Consequently, where a lien is given upon property for the payment of a claim, whether by contract or by the custom or usage of trade, the lien may be enforced, although the remedy upon the debt itself is barred.' Wood on Limitation of Actions, p. 47, and note."

In this case one of the original debtors, who was permitted to hold the note as a pledgee to pay plaintiff's debt, seeks to repudiate his trust and assert title to the note in himself, and also sought to sell it to another in violation of the trust, and then seeks to defeat the beneficiaries' right because the debt which was secured thereby has since been barred. The rights in this note under the contract of pledge or trust existed until the debts were paid for which it was executed. A mere bar by the statute does not pay the debt. The debt still exists, and until paid the trust can be enforced.

[4, 5] The third assignment asserts that the special exceptions of Barcus to the pleas of intervention should have been sustained, and by propositions asserts: (1) That the interveners did not allege any fact showing any interest in the $4,000 note; (2) that their only remedy was by garnishment; (3) that there was no allegation in the petition that would authorize a judgment against Walker & Perkins. The petition shows the note represented $4,000 of the consideration paid for the goods by Walker & Perkins to Warren Hardware Company. This note was executed under the written contract, providing: First, that the Warren Hardware Company guaranteed that all indebtedness or claims whatsoever would be paid; second, they should execute a bill of sale warranting the title against every one and that the goods were clear and free from debt; third, the proceeds of the note being intended and agreed to be applied to the payment of any and all debts or claims until all such debts are fully liquidated and in the event it was insufficient to pay the debts, nevertheless the hardware company agreed to fully pay off and discharge all such claims. There can be no question under this contract but that the $4,000 note represented part of the consideration for the goods; that the parties agreed that the proceeds of the note should be applied to the debts. It was the duty of each of the contracting parties to see that the note or its proceeds should be so appropriated. They both obligated themselves to that effect; but one of the payees in the note, after getting the note, tried to repudiate this trust and divert the proceeds of the note to one of its members, and he to his son-in-law, Barcus, who, with full knowledge of the trust, claimed to have purchased it. These interveners allege, and in fact prove beyond any question, that they were the creditors of the hardware company, and were the parties intended to be secured by the note. They adopted fully the pleadings of the plaintiff and set up their own claim. Even though they may not have known of the trust at the time of its creation, they had a right thereafter to affirm it and to enforce it in their favor. Wallis v. Beauchamp, 15 Tex. 304; Ellis v. National Exchange Bank, 38 Tex. Civ. App. 619, 86 S. W. 776. When they affirmed the trust,

they were no longer simple contract creditors, but had a lien or trust created in their favor by the vendors and vendees in the sale of the goods. They had the right to go into court and enforce that lien or trust and share in the proceeds pro rata, whether as original parties to the suit or as interveners.

[6, 7] The allegation that Walker & Perkins executed the note and signed the contract, agreeing to be liable for that amount, authorized a judgment against them for that amount, directing payment of the debts proportionately out of the proceeds of the note established by the judgment for which an execution could issue. By the terms of the agreement, $4,000 of the purchase price for the consideration of the stock of goods evidenced by the note, payable to the order of M. W. and C. W. Warren, was a trust fund to pay "any and all indebtedness or claims which may be owing for or against any of the property" so purchased. And the plaintiff and interveners were entitled to a judgment for their proportional amount on their claims or debts. Ellis v. National Exchange Bank, supra; Foy v. East Dallas Bank, 28 S. W. 137. Where the trustee of bailee seeks to repudiate the trust, the beneficiaries may sue to enforce the trust. Bank v. Wheeler, 33 W. 1093; Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391; Kennedy v. Baker, 59 Tex. 150; Peters Shoe Co. v. Murray, 31 Tex. Civ. App. 259, 71 S. W. 977.

[8-10] It is asserted the sale violated the Bulk Sale Law (Acts 31st Leg. c. 27 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 3971–3973]). That law simply provides a bulk sale shall be void as against creditors. Certainly it was not void as between Walker & Perkins and the Warren Hardware Company. Barcus was not a creditor, and he should not claim the contract void and at the same time assert a claim of right under it. M. W. Warren was a member of the hardware company, and in fact received the consideration of the sale of the goods; that is, the land was deeded to him, and he claims to have received the note in question. The vendors and vendees certainly would be estopped from setting up their illegal acts to defeat just debts which both had agreed to pay and made provisions to pay out of the consideration for the sale. The creditors, by affirming the contract, made it their own, and would be estopped from setting up that it was originally illegal. They might have done so before affirming the contract, perhaps, in which case there would have been no lien or trust fund created, and they could have treated Walker & Perkins as trustees under the Bulk Sales Law, and garnisheed them to secure a lien; but there was no need of fixing a lien or trust by attachment or garnishment when the contract fixed it and the vendors and vendees, as well as the creditors, assented to the trust so created. All that the parties were required to do was to execute the trust, and, if the trustees

sought to repudiate it, the beneficiaries had the right to resort to the courts jointly to enforce it and prevent the repudiation.

[11] There are assignments to the effect that Morrow-Thomas Hardware Company, having reduced its debt to judgment after the trust was created, elected to pursue a different remedy. We do not think so. The judgment is simply another evidence of the same debt secured by the note in question, and evidences the fact that the debt was unpaid, etc.

[12] It is also asserted that some of the other creditors, after the contract in this case, evidenced their debt by taking notes, and that this was a waiver or an election not to rely upon the trust. The debt secured by the contract it is not asserted was paid, and the only effect of taking the notes was to evidence the debt by the note and only had the effect to postpone payment of the debt. There is no element of election of remedies or a waiver in either of these instances in our judgment. It only aided to keep the debts alive and prevented the bar to run against them.

[13] It is also asserted that taking the notes with interest, and rendering judgment that the $4,000 note be prorated on such basis, would be a wrong to Barcus, in that he was entitled to the residue after paying the original debts. The evidence establishes that he came into possession of the note after it was due and had full knowledge of the facts, or was in possession of facts sufficient to warrant the finding that he had such knowledge or notice. We think his case presents no equity.

[14] Barcus also complains that the evidence shows that the note was, at the time of the trial, in possession and held by his sister-in-law, Mrs. Gratland. The facts show, if she in fact bought the note or was in possession of the note, she did so long after this suit was instituted and long after the maturity of the note. She was a pendente lite purchaser, and lis pendens applies as to her.

[15] It is also asserted that the court should not have admitted testimony as to what creditors were to be paid out of the note at the time of the making of the contract. It is asserted that this evidence varied the terms of the contract. On the contrary, the proof of who the creditors were falls under the very terms of the contract. It identified them. This is permissible in contracts of this character with like terms. The evidence in this case is amply sufficient to show that the judgment was properly rendered for the plaintiff and interveners, who were the creditors contemplated by the contract at the time of its execution. Barcus nor Warren, nor either of them are innocent purchasers of the note, as is fully shown by the evidence.

It would be a useless waste of time to review each and all of the assignments, and it will be sufficient to overrule them gener-

ally. The assignments based on the exceptions as discussed by us give our view of the law governing this case, and the allegations of the petition and the pleas of intervention are amply and fully proved.

The judgment will be affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes