**·MIDLAND SHOE CO. et al. v. A. L. & K. DRY GOODS CO. et al. (No. 2881.)\***

Court of Civil Appeals of Texas. Amarillo. Oct. 19, 1927.

Rehearing Denied Nov. 9, 1927.

**1. Fraudulent conveyances** ⊕⇒172(1)—**Sale of merchandise and fixtures in violation of Bulk Sales Law held not void as between parties, but only as to creditors attacking sale (Rev. St. 1925, art. 4001).**

Sale of merchandise and fixtures without compliance with the Bulk Sales Law (Rev. St. 1925, art. 4001) is not void as between seller and purchaser, but only as to creditors who attack sale.

**2. Fraudulent conveyances** ⊕⇒172(1)—**Transaction involving sale of fixtures in violation of law and transfer of note given therefor held not void as between parties (Bulk Sales Law).**

Transaction involving sale of fixtures in violation of Bulk Sales Law (Rev. St. 1925, art. 4001), and transfer of note given as consideration therefor, *held* not void as between parties participating in transactions, but only as to creditors of original seller.

**3. Fraudulent conveyances** ⊕⇒225—**Creditors participating in transactions involving sale of fixtures in violation of law are estopped from thereafter asserting invalidity of transaction (Bulk Sales Law).**

Creditors participating in transactions involving sale of fixtures in violation of the Bulk Sales Law (Rev. St. art. 4001) and accepting note given as consideration therefor in payment of their debt and thereafter in suit by other creditors asserting that there was no violation of Bulk Sales Law and that all transactions were valid were estopped from asserting invalidity thereof in order to participate in proceeds together with other creditors.

**4. Trusts** ⊕⇒336—**Beneficiaries, in case trustee repudiates trust, may sue for enforcement.**

Where trustee repudiates trust, the beneficiaries thereunder may sue for the enforcement of such trust.

Appeal from District Court, Hale County; Charles Clements, Judge.

Garnishment suit by Midland Shoe Company against the A. L. & K. Dry Goods Company, wherein Sanger Bros. and others intervene. From the judgment, all parties appeal. Reversed and remanded, with directions.

See, also, 281 S. W. 344.

Oxford & Oxford and M. J. Baird, all of Plainview, for appéllants.

Reed, Lowrance & Bates and Davis, Synnott & Hatchell, all of Dallas, for appellees.

JACKSON, J. This is a garnishment suit instituted on January 14, 1924, in the district court of Hale county, Tex., by the Midland Shoe Company, a corporation, against the A. L. & K. Dry Goods Company, a copartnership, based on a judgment theretofore obtained by the Midland Shoe Company against Cecil & Company, a corporation, of Plainview, Tex., for the sum of $856.76.

A number of other judgment creditors of Cecil & Co. intervened in the suit, and the Midland Shoe Company and said interveners will hereafter be called appellants. The A. L. & K. Dry Goods Company, hereinafter called appellee, answered that it was not indebted to Cecil & Co. in any sum at any time, and had not in its possession any property or effects belonging to said Cecil & Co., and that it knew of no person or persons indebted to said company.

The appellants contested the answer of appellee alleging that about May 23, 1922, Cecil & Co. sold all its merchandise and fixtures to W. W. McLarty; that on or about June 16, 1922, the final contract and settlement was made between the parties; that said sale was in violation of the Bulk Sales Law (Rev. St. 1925, art. 4001); and that W. W. McLarty and those who thereafter acquired the property from and through him became trustees for the appellants and other creditors.

Appellee, by answer, denied that there was any violation of the Bulk Sales Law in the transactions pleaded by appellants, and set out in detail the transactions by which it acquired the property.

A sufficient statement of the pleadings and testimony relative to all the issues involved between appellants and appellee will be found in the opinion by this court in 281 S. W. 344, reversing this 'case on a former appeal.

During the January term of the district court of Hale county, Tex., on February 18, 1927, Sanger Bros., Higginbotham-Bailey-Logan Company, Ely, and Walker Dry Goods Company, and Utz & Dunn, each a private corporation, hereinafter called interveners, by permission of the court, intervened in the suit and joined the appellee in the contention that the transactions attacked by appellants were not in violation of the Bulk Sales Law, but that by such transactions the appellee acquired a valid title to the fixtures involved in this controversy.

In the alternative, interveners alleged that if they were mistaken in asserting the validity of the transactions by which appellee acquired title to the fixtures in controversy, and in the event the court should hold that such transactions were in violation of the Bulk Sales Law, that each of said interveners were, at and prior to said transactions, creditors of Cecil & Co., and each entitled to share in the proceeds ahd sale of said fixtures. Each of the interveners set up the amount of its indebtedness and prayed that

---

the transactions be held not in violation of the Bulk Sales Law and that judgment be rendered accordingly; but, in the event it was determined that such transactions were in violation of the Bulk Sales Law, that each of the interveners be allowed to share pro rata in the proceeds derived from the sale of said fixtures.

In reply to the answer of interveners, the appellants alleged that they had been diligent and procured garnishment liens upon the fixtures prior to any claim or right asserted by interveners, and that appellants should first have their judgments paid in full from the proceeds of the sale of the garnished property; that the claims of the interveners were barred by the statutes of two and four years' limitation. They also pleaded the connection and participation of the interveners in the transactions which they attacked as violations of the Bulk Sales Law, and that by reason thereof interveners were estopped from participating in the proceeds derived from the sale of the property until after appellants had been paid.

The case was submitted to the court without the intervention of a jury, and judgment rendered decreeing, in substance, that the transactions by which appellee acquired the property in controversy were in violation of the Bulk Sales Law, and that George Ludeman and Lawrence Ludeman, composing the firm of A. L. & K. Dry Goods Company, held the fixtures in trust, pro rata, for the benefit of all creditors of Cecil & Co., a private corporation of Plainview, Tex.; that the interveners and all creditors of Cecil & Co. are entitled to participate pro rata in the proceeds of the sale of the property so held in trust.

The court appointed a receiver to take charge of the property, ascertain and determine the creditors and the respective amounts due to each of them, and report to the court at its next term, directing that all creditors who failed or refused, after 90 days' notice, to file with the receiver the amount of his claim, should be thereafter barred from participating in the trust fund.

To the action of the court in holding that the sales of the fixtures were in violation of the Bulk Sales Law, the appellee and the interveners excepted and gave notice of appeal to this court.

To the action of the court in holding that all of the creditors of Cecil & Co., of Plainview, Tex., were entitled to participate in the trust fund, the appellants excepted and gave notice of appeal to this court.

Neither appellee nor the interveners perfected their appeal; however, they filed joint cross-assignments of error, all of which challenge, as erroneous, the holding of the court to the effect that the sale from C. W. Cecil &

Co. to W. W. McLarty and the Farmers' Mercantile Company, of which he was president, was in violation of the Bulk Sales Law, because the testimony shows that the transaction constituted a sale of the corporate stock of C. W. Cecil & Co. to W. W. McLarty and his associates in the Farmers' Mercantile Company, and was not in violation of the Bulk Sales Law.

These cross-assignments are urged in the brief of appellee, but are not presented in the brief of interveners. At the last trial in the district court of Hale county, Tex., in February, 1927, the testimony introduced is substantially the same as the testimony offered on the former trial, the material parts of which will be found in the former opinion reported in 281 S. W. 344, and without again detailing the evidence, we content ourselves with referring to the statement in that opinion, and the cross-assignments are overruled.

The appellants perfected their appeal to this court, and present, as error, the action of the trial court in holding that the interveners are entitled to participate pro rata with the appellants in the property or the proceeds thereof held in trust by appellee, because, as disclosed by the record, the interveners are estopped from participating in said trust property, or the proceeds thereof.

The record discloses that Cecil & Co. were indebted to all of the appellants on May 23, 1922, and June 16, 1922, at the time the sale from Cecil & Co. to W. W. McLarty and the Farmers' Mercantile Company was consummated; that the fixtures in controversy were included in this attempted sale, and thereafter the Farmers' Mercantile Company attempted to sell said fixtures to S. C. Auld for the sum of $6,000; that on January 14, 1924, the date of the institution of the suit, the appellants' claims had all been reduced to judgments and garnishment issued by each of the appellants against the appellee; that on the first two named dates, Cecil & Co. was also indebted to the interveners; that the A. L. & K. Dry Goods Company, a firm composed of George Ludeman, Lawrence Ludeman, S. C. Auld, and A. C. Kinkead, opened for business in Plainview, in Hale county, Tex., on the 17th day of August, 1922; that S. C. Auld claimed to be the sole owner of the fixtures in controversy by virtue of his purchase from the Farmers' Mercantile Company, which represented his interest in the A. L. & K. Dry Goods Company, the other partners owning the merchandise; that on October 30, 1922, S. C. Auld and wife executed to the Farmers' Mercantile Company their note for the sum of $6,000 evidencing the purchase price of said fixtures, payable six months after date, with interest at the rate of 10 per cent. per annum from date until paid, and to secure the pay-

ment of said note, executed and delivered to said company their chattel mortgage on the fixtures involved. in this suit, dated October 30, 1922, which mortgage was filed for record in the county clerk's office of Hale county, Tex., on the same day; that thereafter this note and mortgage were transferred by the Farmers' Mercantile Company and W. W. McLarty, to C. W. Cecil, who assigned the same to the interveners, in consideration of certain credits given by the interveners to Cecil & Co. on the respective debts due said interveners by said Cecil & Co.; that S. C. Auld and his wife defaulted in the payment of the note, and, by agreement between said S. C. Auld and his wife, the Farmers' Mercantile Company, C. W. Cecil, and the interveners, on June 5, 1923, the fixtures were sold at private sale, under the provisions of the mortgage, to George Ludeman, one of the copartners of the A. L. & K. Dry Goods Company, for the sum of $5,000, which he paid to interveners; and said S. C. Auld and the interveners' joined in a bill of sale, which purported to· convey the title to such fixtures to said George Ludeman, who took an additional interest in the A. L. & K. Dry Goods Company, for the value of such fixtures. At the time of the sale by Cecil & Co. to W. W. McLarty and the Farmers' Mercantile Company, these fixtures were in the building occupied by Cecil & Co., which building was thereafter occupied by the A. L. & K. Dry Goods Company, and said fixtures have never been removed therefrom, and are still used by said company.

The $5,000 given for the fixtures by George Ludeman was paid to the interveners, who credited their respective debts against C. W. Cecil & Co. in such amounts as were agreed to among themselves. The interveners contend, and the record supports their contention, that $5,000 was the reasonable value of the fixtures in controversy at the time of the purported sale by them and S. C. Auld to George Ludeman. Interveners each accepted its respective portion of said $5,000, gave Cecil & Co. credit therefor, which is still retained by each of said interveners without any offer or tender to restore said $5,000, or any part thereof, to the trust fund.

The merchandise included in the sale from C. W. Cecil to the Farmers' Mercantile Company has been dissipated, and that company, together with C. W. Cecil & Co., have been discharged in bankruptcy; hence, the only property of C. W. Cecil & Co. left is the fixtures involved in this controversy. They are now in the possession of the A. L. & K. Dry Goods Company, one member of which is George Ludeman. who paid the interveners $5,000 therefor.

The value of the property at this time held in trust by the A. L. & K. Dry Goods Company is not revealed by the record, and we are unable to determine whether or not after a sale of the property there would be any amount in excess of the indebtedness claimed by appellants.

[1] The sale by C. W. Cecil & Co. to the Farmers' Mercantile Company was not void as between the seller and purchaser, but void only as to creditors who attacked the sale. Warren et al. v. Parlin-Orendorff Implement Co. et al. (Tex. Civ. App.) 207 S. W. 587; Freedman & Mellinger v. Maier (Tex. Civ. App.) 238 S. W. 1013; Texas Bank & Trust Co. v. Teich et al. (Tex. Civ. App.) 283 S. W. 552.

[2] The sale of the fixtures by the Farm· ers' Mercantile Company to S. C. Auld, in payment of which he executed his note and mortgage against the fixtures, the transfer of the note from the mercantile company to C. W. Cecil, the assignment of the note from Cecil to interveners, the sale by S. C. Auld and the interveners to George Ludeman, and the sale by him to the A. L. & K. Dry Goods Company were not void as between the parties participating in the· transactions, but were void as· to all other creditors of C. W. Cecil &· Co. Bogert on Trusts, par. 126; Perry on Trusts (6th Ed.) vol. 1, par. 285; 39 Cyc. p. 519, par. 9.

[3] It is admitted that the sale of the merchandise and fixtures by C. W. Cecil & Co. to the Farmers' Mercantile Company was not made in compliance with the Bulk Sales Law; hence, such sale was void as to all creditors of Cecil & Co., including interveners, and the purchasers of the property became trustee for such creditors; however, after the sale, the participation by interveners in the subsequent sales and transfer of the property estops the interveners from asserting that such transactions were invalid, as in violation of the Bulk Sales Law.

"After the breach of trust or other wrong to the cestui que trust has been committed, he may approve or excuse the act in such a way as to bar his remedy. * * *

"Thus, a cestui who joins in a petition to a court to confirm a voidable act by a trustee will not be heard later to question the act; and where the trustee has been guilty of neglect of duty in delaying to bring suit, approval of the suit, when it is brought, will prevent the cestui que trust from holding the trustee liable. * * *

"The approval, ratification or confirmation of the wrongful act may not only be expressly given, but also impliedly, as where the cestui que trust accepts the benefit of a wrongful act. Thus a beneficiary who joins the trustee in a wrongful conveyance of the trust property to a third person, and thereafter takes the benefit of such transfer will clearly be barred from suing the trustee."

" 'It is established by all the cases that if the cestui que trust joins with the trustees in that which is a breach of trust, knowing the circumstances, such cestui que trust can never complain of such a breach of trust. I go further

and agree that either concurrence in the act or acquiescence, without original concurrence, will release the trustee.'" Bogert on Trusts, par. 126.

The interveners, as revealed by this record, affirmed the original sale of the fixtures from Cecil & Co. to the Farmers' Mercantile Company. They approved the sale from the Farmers' Mercantile Company to S. C. Auld by accepting the note and mortgage in payment of their debts from C. W. Cecil & Co. They joined in the sale of the fixtures from S. C. Auld to George Ludeman, accepted the consideration of $5,000 paid by him for the fixtures, and appropriated said amount by applying it to the payment of their respective claims. In February, 1927, they come into the district court, asserting that there was no violation of the Bulk Sales Law, no legal fraud, and that all these transactions were valid, and that the trustee holds absolute title to the property. They are therefore estopped from attacking the validity of these transactions. Warren et al. v. Parlin-Orendorff Implement Co. (Tex. Civ. App.) 207 S. W. 586; Allen et al. v. Berkmier et al. (Tex. Civ. App.) 216 S. W. 647; Palo Sav. Bank v. Cameron, 184 Iowa, 183, 168 N. W. 769; Rice v. West et al., 80 Or. 640, 157 P. 1105; Milan Bank v. Richmond, 280 Mo. 30, 217 S. W. 74, 9 A. L. R. 353, and notes.

The trustee who holds this property in trust for the benefit of creditors repudiated the trust, and, with the interveners, asserts the validity of the sale and refuses to enforce the trust for the benefit of appellants or any other creditors, if such there are, still entitled to participate in the trust fund. "A suit in equity to establish and enforce or protect a trust may be maintained by the trustee or as against the trustee by the cestui que trust, or a purchaser of the equitable title from him or by any person interested in the execution of the trust. Where the trustees neglect to defend their legal title to the trust property, the cestui que trust may do so." 39 Cyc. p. 522, par. 10.

[4] If the trustee repudiates the trust, the beneficiaries thereunder may sue for the enforcement of such trust. Warren et al. v. Parlin-Orendorff Implement Co. (Tex. Civ. App.) 207 S. W. 586; First Nat. Bank v. Wheeler (Tex. Civ. App.) 33 S. W. 1093; Silliman v. Gano, 90 Tex. 637, 39 S. W. 559, 40 S. W. 391; Kennedy v. Baker, 59 Tex. 150; Peters Shoe Co. v. Murray, 31 Tex. Civ. App. 259, 71 S. W. 977.

The denial by the trustee of the existence of any trust property, and its refusal to enforce the trust, in all of which the interveners not only concurred but undertook affirmatively to maintain, authorized the appellants to assert their rights in court both against the trustee and these interveners.

If we are correct in the conclusion that the interveners are estopped in this case from participating pro rata with the appellants, the other assignments presented by appellants become immaterial to the disposition of this appeal.

The court erred in holding and decreeing that each intervener should participate in the trust fund according to the amount of his respective claim, and that each of the appellants should participate in the trust fund according to the amount of his respective debt. The trust fund should, as against the interveners, be applied first to the discharge of the respective debts of the appellants.

The judgment of the trial court is reversed, with instructions that as against interveners, each of the appellants be paid his pro rata part from the proceeds derived from the sale of the trust property.

What disposition should be made of any excess left in the trust fund, should an amount in excess of the debts of the appellants be realized from the trust property, is not before us, and we express no opinion thereon.

The judgment is reversed, and the cause remanded.