## MONNIG DRY GOODS CO. v. COPLEY.

Circuit Court of Appeals, Fifth Circuit.
January 15, 1929.

Rehearing Denied February 13, 1929.

No. 5457.

Wm. R. Watkins, of Fort Worth, Tex. (Walter B. Scott, McLean, Scott & Sayers, and Oscar E. Monnig, all of Fort Worth, Tex., on the brief), for appellant.

J. N. Synnott and John Davis, both of Dallas, Tex. (Davis & Hatchell, of Dallas, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This suit was brought in the court below against the appellant by the appellee, the trustee in bankruptcy of C. W. Crawford, who was adjudged bankrupt in September, 1924. Appellee's petition as it was amended contained allegations to the following effect: The appellee and appellant are citizens of the state of Texas. In February, 1924, when the bankrupt was the owner of a stock of goods located in Sherman, Tex., and was indebted to appellant in a sum exceeding $5,000, pursuant to a plan or agreement between the bankrupt, the appellant, and G. C. Harris, the bankrupt, without a compliance with the requirements of the Bulk Sales Law of the State of Texas (Rev. St. 1925, art. 4001 et seq.), transferred said stock of goods to Harris in consideration of the sum of $5,000, said stock then being of the value of $5,000, for which amount Harris executed his promissory notes payable to appellant and appellant credited that amount, which was paid to it, on the debt of the bankrupt to it, and agreed to defend and protect Harris from any suits. At the time of such transfer the bankrupt owed sundry debts which remained unpaid when the bankruptcy petition was filed. The petition prayed judgment against appellant for the sum of $5,000, with interest from the date of the above-mentioned sale and transfer. The court overruled appellant's plea to the jurisdiction of the court, and rendered judgment as prayed for by appellee.

Appellee's allegations do not indicate that the transfer in question was invalid or voidable on any ground other than because of a noncompliance with requirements of the Texas Bulk Sales Law as to obtaining a list of the creditors of the seller and transferor and giving notice to them of the proposed sale. It was not alleged that the bankrupt was insolvent when the sale in question was made more than four months prior to the filing of the bankruptcy petition. In behalf of the

appellee it was contended that the suit was maintainable under the provision of section 70(e) of the Bankruptcy Act; 11 USCA § 110(e). Under that provision the trustee may avoid any transfer by the bankrupt of his property which any creditor of the bankrupt might have avoided, and may in a court of bankruptcy recover the property so transferred, or its value, from the person to whom it was transferred, or from whoever may have received it, except a bona fide holder for value. The right given to the trustee is assertable against the transferee of the property or the receiver of it, except a bona fide holder for value, where the transfer was one which any creditor of the bankrupt could have avoided. Appellee's allegations show that the transfer in question was one which under the Texas Bulk Sales Law a creditor of the bankrupt might have avoided. Under that law the transfer was not void as between the seller and the purchaser, but was void only as to creditors attacking the sale, and, upon application of any creditor of the seller or transferor, the purchaser or transferee becomes a receiver of the transferred property and accountable as a receiver or trustee to such creditors for the transferred property or its value. The statute does not purport to create a liability in favor of creditors of the seller or transferor against one who was not a transferee or receiver of the property. Revised Civil Statutes of Texas, 1925, art. 4001; Midland Shoe Co. v. A. L. & K. Dry Goods Co. (Tex. Civ. App.) 3 S.W.(2d) 475; Texas Bank & Trust Co. v. Teich (Tex. Civ. App.) 283 S. W. 552.

The appellee's allegations show that the stock of goods in question was transferred by the bankrupt, not to appellant, but to G. C. Harris, and that pursuant to an agreement to which the bankrupt was a party, the agreed price was made payable to appellant, to be applied by the latter on the debt owing to it by the bankrupt. It was not alleged that appellant received or possessed the property at any time. The appellant not having received the property, the remedy given by section 70(e) of the Bankruptcy Act was not available against it, because the terms of the statute show that that remedy is enforceable only against "whoever may have received" property the subject of a transfer which any creditor of the bankrupt might have avoided. The remedy provided for by that section is similar to that which prior to the bankruptcy was available to the bankrupt's creditors under the Texas Bulk Sales Law; in each instance the remedy being against a recipient of the debtor's property.

We conclude that the record does not show that the suit brought by appellee is one within the jurisdiction of the court below.

The judgment is reversed.