## SHAW, Banking Com'r, et al. v. GARNER et al.
### No. 8936.

Court of Civil Appeals of Texas. San Antonio.
Dec. 7, 1932.

Rehearing Denied Jan. 25, 1933.

John W. Goodwin, of Austin, for appellants.

Gaines, Gaines & Roberts, of San Antonio, for appellee.

COBBS, J.

Appellees brought this suit against appellants to cancel certain deeds of trust purporting to secure certain indebtedness claimed to be due the bank, evidenced by certain promissory notes, and to require James Shaw, the banking commissioner and statutory receiver of the Sinton State Bank and of the Odem State Bank, to divide the proceeds from the sale of the properties described in the deeds of trust ratably between the two banks.

It was alleged that the Odem State Bank and the Sinton State Bank each closed its doors on the 3d of October, 1931, and voluntarily turned said two banks over to the banking commissioner for liquidation. Upon discovering this, they requested James Shaw to bring suit to set aside said deeds of trust and hold the property therein described for the benefit of the creditors of the two named banks, which the banking commissioner refused to do because he was the liquidating agent of the Odem State Bank, and his first duty was to the creditors of the Sinton Bank. It was alleged that the mortgage gave a preference to the Sinton Bank as against the creditors of the Sinton Bank, against the Odem Bank and its creditors, and was done with fraudulent intent to create such preference.

No answers were filed by said defendants, but answers were filed by Shaw for them.

Judgment was rendered against H. E. Odem, J. F. Odem, R. B. McGloin, C. C. Smith, and S. J. Fritter, both as directors of said bank and in their individual capacity, by default.

The Sinton Bank and James Shaw, banking commissioner, admitted in writing the allegations in the petition were true, agreeing that the court should render judgment. The court overruled the general demurrer and special exceptions, and rendered judgment in favor of plaintiffs, setting aside the deeds of trust in so far as Odem State Bank and its creditors were concerned, and directing James Shaw, banking commissioner, to hold the properties for the use and benefit of the depositors and creditors of each of said banks in proportion to the indebtedness of the defendants Odem and McGloin and its creditors.

We have considered the petition and read the same. We do not think the court erred in overruling the general demurrer to plaintiffs' petition. The defendants admitted that the facts alleged in plaintiffs' original petition are true.

After stating the amount of the notes, it was alleged: "That each of the defendants above named knew at the time these deeds of trust were executed that they were insolvent and that the execution of such deeds of trust would hinder and delay all other creditors and especially Odem State Bank in the collection of its debts and that the defendants, acting in their capacity as directors of Sinton State Bank as well as directors and officers of Odem State Bank and as individuals, knew the condition of their indebtedness and that the execution of said deeds of trust and the attempt to enforce them was to perpetrate a fraud upon the depositors and creditors of Odem State Bank and would deprive it of any means of collecting its indebtedness and necessarily would result in its insolvency. Plaintiffs further alleged that while they, the defendants above named, as officers of each of the banks, knowing the financial condition of such banks and with the intention of attempting to give preference to the creditors of Sinton State Bank, fraudulently executed said several deeds of trust in favor of Sinton State Bank and

placed them of record for the sole and only purpose of defrauding the creditors and depositors of Odem State Bank." Revised Civil Statutes 1925, art. 3996; Tyree v. Road District No. 5 (Tex. Civ. App.) 199 S. W. 644; Warren v. Parlin-Orendorff Implement Co. (Tex. Civ. App.) 207 S. W. 586, 591; Midland Shoe Company et al. v. A. L. & K. Dry Goods Co. et al. (Tex. Civ. App.) 3 S. W.(2d) 475, 478, and authorities there cited; Rutherford v. Carr, 99 Tex. 101, 87 S. W. 815; Eckert v. Wendel, 120 Tex. 618, 40 S. W.(2d) 796, 76 A. L. R. 855.

His duty as statutory receiver, agent, and trustee for Odem State Bank and agent and trustee for its creditors, required him as a matter of law to do everything legally possible to collect the debts due to Odem State Bank for the use and benefit of its depositors and creditors. When he refused to take any action whatever looking to the discharge of his duty, whatever his reason might be for so doing, the creditors themselves had the right as a matter of law to institute such proceedings as necessary to enforce the collection of these debts. Or, as was said by the court in the case of Warren v. Parlin-Orendorff Imp. Co., supra: "Where the trustee of bailee seeks to repudiate the trust, the beneficiaries may sue to enforce the trust." Or, as said in the Midland Shoe Co. et al. v. A. L. & K. Dry Goods Co. et al., supra: "Where the trustees neglect to defend their legal title to the trust property, the cestui que trust may do so." They had the right to maintain this suit. Eckert v. Wendel, 120 Tex. 618, 40 S.W.(2d) 796, 76 A. L. R. 855.

We have given this case much thought, and have reached the conclusion that the judgment should be affirmed, and it is accordingly done.