Alvin R. ADAMS, Appellant,

v.

FIRST STATE BANK, MONAHANS, Texas, Appellee.

No. 5672.

Court of Civil Appeals of Texas.

El Paso.

Sept. 23, 1964.

Rehearing Denied Oct. 28, 1964.

Howze & Howze, Monahans, for appellant.

Tom L. White, Monahans, for appellee.

CLAYTON, Justice.

This is an appeal from a summary judgment of the District Court of Ward County, Texas in a suit filed by appellee First State Bank, Monahans, Texas, under the Bulk Sales Law against appellant Alvin R. Adams and his father, L. E. Adams, and his father's wife, Nora F. Adams. Appellee had obtained a judgment against L. E. Adams, the cause of action arising out of promissory notes executed by L. E. Adams to appellee. Appellee here alleged that subsequently L. E. Adams had sold his mercantile business and the stock of merchandise located in and used in connection therewith to his wife and son "with the intent to defraud and avoid his creditors" and in violation of Article 4001, T.R.C.S., the Bulk Sales Law, the wife and son thereby becoming receivers of such stock of merchandise for the benefit of appellee and any other then creditors of L. E. Adams. Appellant Alvin R. Adams, in his First Amended Original Answer, pleaded, among other matters, that appellee had actual notice of such sale and that, by reason of its failure to timely object, it was estopped to invoke the provisions of the Bulk Sales Law or to claim a non-compliance therewith. The trial court granted appellee's

Motion for Summary Judgment, and Alvin R. Adams appeals.

Appellant, in two points, urges error of the trial court in granting appellee's motion, and rendering summary judgment, as there were substantial and material issues of fact to be resolved in said cause.

In his "Argument and Authorities" the appellant supports with cited cases several general assertions concerning the principles underlying the granting or refusal of a summary judgment, such as:

"If genuine, substantial and material issues of fact exist, Summary Judgment is improper."

"In passing upon Summary Judgment Motion, Court only determines if genuine issues of fact exist."

"Summary Judgment should only be rendered in those instances where an instructed verdict would be in order, if facts were the same as urged in Motion for Summary Judgment."

"A judge may not pass upon credibility or weight of evidence (when considering Motion for Summary Judgment), nor anticipate what the evidence would be on trial."

"Nor, may the Court substitute his judgment for that of the jury on issues of fact, if such exist."

"In Summary Judgment proceeding, movant has burden of clearly proving his right to Summary Judgment."

Without analyzing the cited cases, or expressly holding that the cases cited unqualifiedly support the principles which are set out and in support of which they are cited, we accept, for present purposes, the verity of the asserted principles. This brings us, then, to an examination of the pleadings and the evidence offered at the hearing on Motion for Summary Judgment, no testimony having been offered at such hearing.

In support of his two Points of Error, appellant, in his brief, enumerates the following alleged material issues of fact as having been raised by the pleadings:

"(a) Whether, by reason of knowledge and acquiescense in the sale and transfer from L. E. ADAMS to APPELLANT, Appellee was estopped to attack the sale, necessarily requiring a finding of fact upon evidence, though same was undisputed by Appellee;"

Presumably, this issue is said to arise because of appellant's pleading in his First Amended Original Answer that prior to the sale of the business and stock of the mercantile company by L. E. Adams to Alvin R. Adams, the said L. E. Adams had discussed with an officer of appellee bank the former's attempts to find a buyer for the business, gave a "sale circular" to the officer and on April 28, 1961 wrote the officer a letter, the first paragraph of which letter reads as follows:

"Grandfalls, Texas
4/28/61

"Mr. Willard Pane
Pres. First State Bank,
Monahans, Texas

Dear Sir:

Due to my bad health and advanced age I am disposing of my mercantile business as per my circular which I sent you several days ago. I am selling my remnant of stock to my Son who has been employed by the Kid Lumber Co. of this city."

The second paragraph of the letter relates to a renewed offer in compromise of the indebtedness under the promissory notes given to appellee by L. E. Adams.

Appellant's pleadings then recite the following:

"That all of the creditors of L. E. ADAMS and of ADAMS MERCANTILE COMPANY were cognizant of

and acquiesced in such sale, including said Plaintiff bank. That by its election to stand idly by until such sale was consummated, and in remaining silent for over a year with reference thereto, allowing Defendants, especially Defendant ALVIN R. ADAMS to move to his great damage by reason of changed position relying on such consent, acquiescence, and agreement of said Plaintiff should not now be heard to complain, or to attack the validity of such sale, and Defendants say that by reason of all of the above and foregoing facts, said Plaintiff in equity is estopped to assert the alleged invalidity thereof, or to attempt to invoke the harsh penal provisions of the Bulk Sales Law as against these Defendants."

On the subject of "Waiver and Estoppel" under the Bulk Sales Law, 26 Tex.Jur.2d 498, Fraudulent Conveyances, § 203, it is stated:

"Creditors are estopped from attacking the validity of the transaction, when they affirm an original sale made in contravention of the Bulk Sales Law, and appropriate to the payment of their claims the money received by the debtor, and thereafter assert in court that there was no violation of the law and no legal fraud, that the transactions were valid, and that the trustee holds absolute title to the property transferred."

The above authority, in its annotation on "Waiver, estoppel, acquiescence, or laches of creditors with respect to attack on sale under Bulk Sales Law" cites 15 A.L.R.2d 937. The work cited, at page 943, recites:

"Creditors who consent to, or acquiesce in, a bulk sale are generally held to have waived their rights under the bulk sales act or to be estopped to attack the validity of the sale because of violations of the law."

In support of this assertion the Texas cases of Warren v. Parlin-Orendorff Implement Co., 207 S.W. 586 (Tex.Civ.App., 1918; ref.), and Midland Shoe Co. v. A. L. & K. Dry Goods Co., 3 S.W.2d 475 (Tex. Civ.App.1927; ref.) are cited. The first case holds, 207 S.W. at page 591:

"* * * The creditors, by affirming the contract, made it their own, and would be estopped from setting up that it was originally illegal."

The second cited case is to the same effect, stating 3 S.W.2d at page 477:

"It is admitted that the sale of the merchandise and fixtures by C. W. Cecil & Co. to the Farmers' Mercantile Company was not made in compliance with the Bulk Sales Law; hence, such sale was void as to all creditors of Cecil & Co., including interveners, and the purchasers of the property became trustee for such creditors; however, after the sale, the participation by interveners in the subsequent sales and transfer of the property estops the interveners from asserting that such transactions were invalid, as in violation of the Bulk Sales Law."

But such is not the situation here. If the letter dated April 28, 1961 from L. E. Adams to the officer of the appellee is here represented to be notice to the latter of an intended sale under Article 4001, T.R.C.S., the so-called Bulk Sales Law, it does not comply with the provisions of the statute. Nor does there appear anywhere else in the record that there was ever, on the part of the appellee, any waiver, estoppel, acquiescence or laches of the appellee with respect to the sale of the mercantile business by L. E. Adams to his son, the appellant, as such terms are employed in the above cited authorities.

In its brief appellee sets forth, with reference to this case, four essential or basic requirements of the Bulk Sales Law, and it is evident that they are appli-

cable and decisive in the matter before us. They are as follows:

"1. That he demand and receive of his father, the transferor, a written list of the names of transferor's creditors, together with their addresses and the amount of the indebtedness due or owing each creditor.

"2. That the list be certified by the transferor under oath to be a full, accurate and complete list of his creditors and his indebtedness.

"3. That Appellant transferee notify personally or by registered mail each of such creditors of the proposed transfer at least ten days before taking possession of or paying for such merchandise and fixtures.

"4. That such notice contain the price, terms and conditions of the proposed transfer."

As will be noted, these excerpts are statements of law paraphrased by the appellee, but undoubtedly they set forth some of the basic requirements of a sale under the Bulk Sales Law. It will be readily seen, in the matter before us and before the trial court, that the fulfillment of these requirements was a matter of law. No one maintains that they were ever fully met. Nowhere is it shown that the creditors received any notice of the transfer to appellant, or that appellant received a sworn, authenticated list of transferor's creditors. These matters not having been attended to leaves this case resting squarely on a legal foundation, with no material fact issues to be determined. As seen by the cases cited above, transferee became a trustee for the creditors of transferor. Because of the failure to abide by these provisions of the Bulk Sales Law, the question of whether transferee was a purchaser in good faith or not is immaterial. As a matter of fact, no questions of real importance remain. However, we will discuss the appellant's other purported issues of fact.

The second issue of fact claimed by appellant to have been raised by the pleadings is:

"(b) Whether Appellee and other creditors were notified in advance of the sale and transfer, as alleged in Plaintiff's pleadings, and as required by Art. 4001, R.C.S."

We find nothing in the record to indicate that appellee or other creditors received any character of notice in advance of the challenged sale and transfer, other than the letter of April 28, 1961 which, as we have stated above, does not comply with the requirements of Art. 4001.

The third issue of fact claimed by appellant follows:

"(c) Whether Appellant was purchaser for value in good faith, and in compliance with Law."

As stated above, we deem the matter of good faith on the part of appellant to be irrelevant. Again referring to 26 Tex. Jur.2d, Fraudulent Conveyances, § 200 at page 496, it is declared that "the fact that the buyer acts in perfect good faith in the transaction is immaterial". Cornish v. Nance Motor Co., 13 S.W.2d 139 (Tex.Civ. App., 1928; ref.), at page 141 holds:

"The evidence was sufficient to support the finding of the trial court that plaintiffs did not comply with the requirements of the Bulk Sales Law; that, therefore, the sale was void as to creditors of the motor company, and plaintiffs became accountable to them for the assets of the company that came into their hands by reason of such sale, notwithstanding the uncontroverted proof that plaintiffs acted in perfect good faith in the transaction and relied on assurances given by Nance that there were no outstanding liabilities of the company."

The phrase in the third asserted fact issue (c), "and in compliance with Law", as well as the stated fourth issue: "(d)

Whether, in the light of pleaded facts, Appellant was, under Law, a receiver for creditors—which question of Law necessarily should have been based upon finding of facts under the evidence" beg the question, since there is nothing in the evidence that shows any attempt to comply with the Bulk Sales Law.

In conclusion, and after careful analysis of the matter before us, we fail to find any "genuine, substantial and material" issue of fact raised in the record, and we are constrained, therefore, to affirm the trial court's order granting appellee's motion for summary judgment.

Affirmed.